TRUSTEES OF TOWN OF STANFORD *v*. W. H. HITE.

[Abstract Kentucky Law Reporter, Vol. 2—386.]

**Recovery of Money Paid Under Void Ordinance.**

> In this state when money is exacted under the provisions of a void city ordinance, paid and collected under the mistaken belief that the ordinance is valid, the person paying it may recover it from the city.

APPEAL FROM LINCOLN CIRCUIT COURT.

April 14, 1881.

OPINION BY JUDGE PRYOR:

The appellee, W. H. Hite, having paid to the town of Stanford under a void ordinance a certain amount of money for the privilege of vending saddles and harness manufactured by him in the town of Lebanon, instituted the present action to recover back the money on the ground that the burden imposed was unauthorized and the ordinance requiring its payment void; and that he paid the money under a mistake as to his legal rights, and the corporation had received it under the belief that the power existed to impose the tax.

That the ordinance under which the exaction was made is void seems not to be questioned, and that the money was paid by the appellee to the town authorities under a mistake as to his legal rights and with the full belief that the burden was properly imposed, is equally certain. Each party acted in the best of faith, the one that it was his duty as an officer of the town to exact the money, and the other that it was his duty to pay it. It subsequently appears that both were mistaken, and under such circumstances ought the corporation, in law, conscience or good morals, be permitted to retain the money? While numerous authorities have been adduced

10

against the right of recovery upon such a state of facts, the decisions of this court without an exception authorize the recovery.

As said in the case of *Ray v. Northern Bank of Kentucky,* 3 B. Mon. (Ky.) 510, "Whenever, by a clear and palpable mistake of law or fact essentially bearing upon and affecting the contract, money has been paid without cause or consideration, which in law, honor or good conscience was not due and payable, and which in honor or good conscience ought not to be retained, it was and ought to be recovered back."

The corporation has no right to this appellee's money. He was under neither a legal nor moral obligation to pay it; and having received no consideration in any manner by reason of its payment the corporation was properly required to refund it. The readiness of the appellee to obey the law of the city, and to comply with what he had the right to suppose was a valid ordinance, presents a stronger reason for affording him relief than in a case where there had been a mutual mistake with reference to an ordinary business transaction. See *Anderson v. Louisville,* Mss. Opin.

Judgment *affirmed.*

*J. S. & R. W. Hocker,* for appellant.

*Hill & Alcorn,* for appellee.

[Cited, *Bruner v. Stanton,* 102 Ky. 459, 19 Ky. L. 1514, 43 S. W. 411.]