Louisville and Nashville R. R. Co. v. Hopkins County.

CASE 92—PETITIONS—OCTOBER 20.

# Louisville and Nashville R. R. Co. v. Hopkins County.

## Same v. Same.

# Louisville and Nashville R. R. Co. v. Christian County.

## Same v. Same.

APPEALS FROM CHRISTIAN CIRCUIT COURT.

1. TAXATION OF RAILROADS.—The rule that railroad property situated in a county is not liable to taxation to pay the subscription of stock made by such county towards constructing the road does not fully apply when the road has been purchased by and become the property of a new company to which the county does not sustain the relation of stockholder or joint owner. In such a case, whenever the new company has made an addition or accession to the property purchased, whether consisting in completing an unfinished road, or increasing the capacity for business and advantages, and consequently the value of a road already completed, what is thus added or annexed is not exempt, because the county neither contributes to nor has any interest in it.

   In this case to the extent the railroad property has, since it was purchased by the new company, been increased in value by the addition or renovation of cross-ties, rolling stock and other appendages, and by having been made part of a system doing increased business, instead of an isolated road as was the case when purchased, it is liable to taxation in any county where it may be situated, as other property therein. And in imposing the taxation in these cases the lower court ought to have deducted the value of the property at the time it was purchased from the value as it now exists in the counties seeking to tax it.

2. TAXES PAID UNDER A MISTAKE OF LAW can not be recovered back unless the payment was involuntary, and the rule which treats the payment of taxes as involuntary, where the tax collector has authority to levy and sell on the refusal to pay, does not apply to the payment of taxes by railroad corporations, as against which the collection must be enforced by judicial proceedings. Therefore the payment by

appellant of the taxes it seeks to recover back was voluntary, and not under compulsion, and it can not recover. Moreover, as a portion of the property upon which the taxes were paid was legally liable therefor, the payment was not wholly without consideration, and for that reason the rule allowing a recovery, even if the payment had been under compulsion, would not apply. Nor do these cases belong to that class of cases where honor or good conscience required the taxes to be refunded.

3. INTEREST IS not allowable upon taxes by way of damages.

H. W. BRUCE, WM. LINDSAY, WM. L. GORDON AND JOHN FELAND FOR APPELLANT.

1. A railroad constructed by means secured by subscriptions to its capital stock can not be taxed to pay for those subscriptions, even though the road has passed into the hands of a new company. (Applegate v. Ernst, 3 Bush, 648; Clark County Court v. E., L. & B. S. R. R. Co., MS. Op., April, 1886; O. & N. R. R. Co. v. Daviess County, 8 Ky. Law Rep., 773; L. & N. R. R. Co. v. Warren County Court, 5 Bush, 245.)

2. As appellant has exactly the road which it purchased from the old company, and the improvements are only such as time and wear and waste have made necessary, to supply other things of the same kind that have worn out, no part of the property is subject to this tax.

3. When a party has paid money, through a mere mistake of law, without any legal or moral obligation, he can recover it back in the common law action for money had and received; and taxes paid through a mistake of law are not exceptions to the rule. Nor does the fact that such a demand was voluntarily paid prevent a recovery. (Underwood v. Brockman, 4 Dana, 310; Ray, &c., v. Bank, &c., 3 B. M. 513; Louisville v. Zenone, 1 Met., 153; Covington v. Powell, 2 Met., 227; Tyler v. Smith, 18 B. M., 799; Louisville v. Henning & Speed, 1 Bush, 38; Louisville v. Anderson, 79 Ky., 334; Cooley on Taxation; Fecheimer Bros. & Co. v. Louisville, 8 Ky. Law Rep.; McMurtry v. Ky. Cent. R. R. Co., 8 Ky. Law Rep.) Cited on this point in petition for rehearing: Elliott v. Sturtevant, 10 Pet., 137; Mayor of Baltimore v. Leffirman, 45 Am. Dec., 145, and note; Wait's Actions and Defenses, vol. 4, pages 486 to 506.

4. Interest is not allowable upon taxes. (Amboy, &c., v. Louisville, 79 Ky., 202; Cooley on Taxation, page 17.)

5. Where one is entitled to recover taxes improperly paid, interest is recoverable from the time the repayment is demanded. (Cooley on Taxation, page 815, and note.)

LANDES & CLARK FOR APPELLEE.

1. The appellant was liable to pay taxes upon its property, levied to pay

Louisville and Nashville R. R. Co. v. Hopkins County.

the principal and interest of the county's railroad debt, as well as for all other county purposes. (Session Acts, 1867, vol. 1, page 146; *Ib.*, vol. 2, page 553; Act April 3, 1878, Gen. Stats., 1019, ed. 1883; Session Acts 1878, vol. 1, page 68; Session Acts 1879, vol. 1, page 656; Session Acts 1876, vol. 1, page 78.)

2. The *imposition, modification* and *removal* of taxes, and the exemption of property therefrom, belong exclusively to the legislative branch of the government. (Cooley on Taxation, chapter 11; Gillman v. Sheboygan, 2 Black, 510; Meriwether v. Garrett, 102 U. S., 472; United States v. New Orleans, 98 U. S., 381; Union Pacific R. R. Co. v. Peniston, 18 Wall., 5.)

3. The taxing power of the State is never presumed to be relinquished, but can be relinquished only by express, positive and unambiguous terms, showing an unmistakable intention on the part of the law-making power to relinquish, or to exempt from taxation. (Providence Bank v. Billings, 4 Pet., 514; North Mo. R. R. Co. v. Maguire, 20 Wall., 46; Memphis Gas. Light Co. v. Shelby Co. Taxing District, 109 U. S., 398; Tennessee v. Whitworth, 117 U. S., 139; Vicksburg & S. P. R. R. Co. v. Dennis, 116 U. S., 665; E. & P. R. R. Co. v. Trustees of Elizabethtown, 12 Bush, 233.)

4. Appellant can not claim an exemption from taxation by reason of its succeeding to the rights and franchises of the Evansville, Henderson & Nashville R. R. Co. (E., H. & N. R. R. Co. v. Commonwealth, 9 Bush, 438; L. & N. R. R. Co. v. Palmes, 109 U. S., 204; Morgan v. Louisiana, 93 U. S., 217; C. & O. R. R. Co. v. Berry, 112 U. S., 609.)

5. The taxes paid by appellant could have been recovered only by action. (E. & P. R. R. Co. v. Trustees of Elizabethtown, 12 Bush, 239); and, therefore, the payment was voluntary. (City of Louisville v. Anderson, &c., 79 Ky., 334.)

6. Appellee was entitled to interest.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT

As these four cases require the same recital of facts, and directly or incidentally involve the same questions of law, counsel have agreed they be heard and decided together.

In 1851 a corporation, "The Henderson and Nashville Railroad Company," was chartered to construct a railroad from Henderson, Kentucky, to Nashville, Tennessee. But after securing the right of way and grading a portion of it—how much does not appear—

the work was abandoned on account of the late war. In 1867 a company, "The Evansville, Henderson and Nashville Railroad Company," was incorporated, and by purchase became the owner of the property and franchises of the first named. And with the proceeds of bonds issued by the city of Evansville, and the counties in Kentucky through which the road extends, including Christian and Hopkins, in payment of stock subscribed by them to the capital stock of that company, amounting to about one million dollars, and the proceeds of a bond of the company for the same amount, secured by mortgage on that portion of it in this State, the road was completed and put in operation. But in 1879, under a decree rendered in the District Court of the United States, all that part of the road that had been mortgaged, certain real estate and rolling stock, together with the chartered rights and franchises of the company, were sold and purchased by the Louisville and Nashville Railroad Company, which has owned and operated the road ever since.

The first of these actions in order of time was instituted by the county of Hopkins against the Louisville and Nashville Railroad Company to recover a balance unpaid of taxes alleged to be due by the defendant on its property situated in that county, under a levy made by the county court for the year 1882, to pay interest on the bonds issued in payment of the county's subscription to the capital stock of the Evansville, Henderson and Nashville Railroad Company, before mentioned, and taxes alleged to be wholly due and unpaid under levies for the same purpose for each

·of the years 1883–4–5. The second was instituted by the county of Christian to recover of the same defendant an unpaid balance of taxes for the year 1882, and the amount for each of the years 1883–4–5, alleged to be due under levies made to pay the interest and principal of bonds that county issued to pay its subscription to the capital stock of the same company. The third, an action in equity, was instituted by the Louisville and Nashville Railroad Company against the county of Christian, to recover back the several amounts of such taxes collected under levies for the years 1879–80–81, and in part for the year 1882, which the plaintiff alleges were paid by it in ignorance of the law and facts, and of its rights, when it did not owe any part thereof. The fourth, also an action in equity, was instituted by the Louisville and Nashville Railroad Company against the county of Hopkins to recover back the several amounts of such taxes collected by that county for the same years, and likewise alleged to have been paid by the plaintiff in ignorance ·of the law and facts, and of its rights, no part of which it owed.

In the first and second of these four actions the entire property of the defendant, being thirty-one and four-fifths miles of road, including land, improvements and equipments in the county of Christian, and twenty-seven and seventy-two hundredths miles of road, land, improvements and equipments in the county of Hopkins, were adjudged by the lower court liable for taxes levied to pay the said bonded indebtedness of the two counties respectively, as well as for those levied to pay the ordinary county expenses,

vol. 87—39

which were also sued for in each case, but not now
disputed by the defendant; and judgments were ac-
cordingly rendered in favor of each plaintiff for the
amounts severally claimed by them. In the third and
fourth actions judgment was rendered in favor of each
of the defendants, and the actions were as to each dis-
missed. From all the judgments the Louisville and
Nashville Railroad Company has appealed, and in the
first and second cases appellees have been granted
cross-appeals.

There is no controversy about the assessment of the
property in the two counties, as they were made by
the county courts according to the rate fixed by the
State Board of Equalization for the entire road within
the State.

Whether railroad property situated in a county is
liable to taxation to pay the subscription of stock
made by such county towards constructing the road,
is a question which was first presented to and decided
by this court in Applegate v. Ernst, 3 Bush, 648. It
was there held not to be liable, the following language
being used: "If liable for any portion of that sub-
scription, it would to that extent pay the debt of the
stockholders, or remit so much of the amount sub-
scribed to itself, and consequently would get that
much less than the subscription to it, or for its use.
*    *    To tax the road itself for that selfish purpose
would be repudiation to the extent of the tax." The
rule there laid down does not, however, absolutely
and fully apply when the road has been purchased
by and become the property of a new company, to
which the county does not sustain the relation of
stockholder or joint owner.

Clark County Court v. Elizabethtown, Lexington and Big Sandy Railroad Company, decided by this court April, 1888, MS. Opinion, was a case where the county of Clark had subscribed to the capital stock of the Lexington and Big Sandy Railroad Company, which, after constructing a portion of its road, became insolvent, and its franchise and property in an unfinished state were purchased by the Elizabethtown, Lexington and Big Sandy Company, and the right of the county to tax that part of the road, and its appendages situated therein, to aid in paying the subscription of stock, was the question involved. And in the opinion this language was used: "If the payment of the debt entitled it—Clark county—to stock in the new company, there might be some reason for adjudging that it would be unjust to the other stockholders and to the corporation to tax the property of the corporation to pay an indebtedness that entitled the county to stock in the corporation. Such, however, is not the case. The Elizabethtown, Lexington and Big Sandy Railroad Company, when it purchased the old company, or rather its rights and franchises, became the owner of the road-bed and the entire property of the old company within the county, and the completion of the road with all its valuable appendages is not the property of the old but of the new company ; and, therefore, the property of the appellee within the county is liable for its part of the burden of this tax, except so much of the property as was acquired by the purchase. This ought not to be taxed to pay a subscription that was made to construct it, and in imposing the taxation its value should

be deducted from the value of the railroad property of the appellee within the county as it now exists." In that case the road was in an unfinished state when it passed from the old to the new company. In this the road had been completed, and was in operation when the new company became the owner. But the same principle applies whenever the new company has made an addition or accession to the property purchased, whether consisting in completing an unfinished road, or increasing the capacity for business and advantages, and, consequently, the actual value of one already completed. What the new company purchases in such case is exempt, because the subscription was made to construct it, and the county as a stockholder had an interest in it. But what may be afterwards added or annexed is not, nor ought to be, exempt, because the county neither contributed to, nor has any interest in it. Consequently, to the extent the railroad property between Henderson and the State line has, since it was purchased by the Louisville and Nashville Company, been increased in value by the addition or renovation of cross-ties, rails, station-houses, switches, rolling-stock and other appendages, and by having been made part of a system doing increased business, instead of an isolated road, as was the case when purchased, it is liable to taxation in any county where it may be situated as other property therein. And in imposing the taxation in these cases the lower court ought to have deducted the value of the railroad property in Christian and Hopkins counties at the time it was purchased from the value as it now exists.

2. In Underwood v. Brockman, 4 Dana, 309, it was held that "when it can be made *perfectly evident*, that the only consideration of a contract was a mistake as to the legal rights or obligations of the parties, and when there has been no *fair compromise of bona fide* and doubtful claims, we do not doubt that the agreement might be avoided on the ground of a clear mistake of law, and a total want, therefore, of consideration or mutuality." In the case of Ray & Thornton v. Bank of Kentucky, 3 B. M., 510, the court, referring to the case just cited, and reviewing all the authorities on the subject, approved of the ruling in that case, but we think stated the doctrine fully and more accurately thus: "Upon the whole we would remark that, whenever, by a clear and palpable mistake of law or fact essentially bearing upon and affecting the contract, money has been paid without cause or consideration, which in law, honor or conscience was not due and payable, and which in *honor* or *good conscience* ought not to be retained, it was and ought to be recovered back." In each of those cases the controversy was between individuals. But the case of City of Louisville v. Anderson and others, 79 Ky., 334, involved the question of recovery back of taxes paid in ignorrnce of the law and of the rights of the person paying, and which there was no legal authority to collect. The property assessed in that case was farming lands, which had been unconstitutionally included in the city boundary, and this court affirmed the judgment of the lower court in favor of the plaintiffs. This court, in the opinion then delivered, assented to the general rule that taxes *volun-*

*tarily* paid can not be recovered back, whether legally laid or not, as stated in Cooley on Taxation, in accordance with the current of authorities on the subject. But dissented from the proposition that all payments of taxes are supposed to be voluntary, and recognized the distinction between those cases where there is an apparent means of enforcing the illegal demand and where it can not be done without a resort to judicial proceedings.

In all the cases wherein it has been decided by this court taxes illegally paid might be recovered back, including Fecheimer Bros. & Co. v. City of Louisville, 84 Ky., 306, referred to by counsel, the payments were regarded as involuntary, because the tax collector had authority to levy and sell on the refusal to pay. As said by this court, "the process is summary, and in the hands of the party making the demand, and the tax-payer must submit to the levy or pay the money." The only exception under the statutes of this State exists in respect to railroad corporations whose property, from considerations of public convenience and necessity, can not be levied on and sold to pay taxes, and the collection must be enforced by judicial proceedings.

The payment by the Louisville and Nashville Railroad Company of the taxes which it now seeks to recover back from the counties of Christian and Hopkins, was made voluntarily, and in no sense under compulsion. And such being the fact, we perceive no reason to make in these cases an exception to the general rule laid down in City of Louisville v. Anderson, that a party paying taxes who is entitled to a

day in court, and can litigate the demand about to be enforced against him, but instead of doing so voluntarily pays it, is without remedy. Moreover, a portion of the property situated in the two counties was, at the time of payment of the taxes, legally liable to taxation, not only for general county purposes, but for the purpose of paying off the county subscriptions, and, therefore, as such payment was not wholly without consideration, these cases do not come within the rule laid down in the cases heretofore decided by this court. Nor do either of them belong to that class of cases where honor or good conscience requires the taxes to be refunded.

3. It is well-settled that interest is not allowable upon taxes by way of damages (Ormsby v. Louisville, 79 Ky., 202); and, consequently, the court did not err in refusing to allow it upon the amounts adjudged in favor of the two counties.

Wherefore, the judgments rendered in actions one and two in favor of the counties of Christian and Hopkins are, for the reasons indicated, reversed, and remanded for further proceedings consistent with this opinion, and affirmed on the cross-appeal. And the judgments in the third and fourth actions are affirmed.