CASE 80—PETITION ORDINARY—FEB. 3.

# Bruner & Bloom v. Clay City.

APPEAL FROM POWELL CIRCUIT COURT.

100  567
f102  461

100  567
p132  623

1. INVOLUNTARY PAYMENT—EXACTION OF EXCESSIVE LICENSE FEE.—
Where one preparatory to opening a saloon, applies to the city authorities to grant him a license to retail liquor, and is informed by them that if he obtained the State license he would be granted the municipal license, and acting upon that statement obtained the State license, rented a house to do business in, and in other ways prepared to do business, and was afterwards required by the city authorities to pay more for the city license than was authorized by the city charter, the payment was not a voluntary one, and he may recover back from the city the amount paid in excess of the charter requirement.

A. T. WOOD & SON FOR APPELLANTS.

1. While the general rule of law is that money paid out voluntarily in ignorance of law but with a knowledge of all the facts can not be recovered back, this rule does not apply where the parties are not on equal terms in the transaction. In this case appellants had been assured they would be granted the city license if they procured the other licenses, and relying upon this assurance, had expended large sums in procuring such licenses and in preparing in other ways to open the business, and were then compelled to pay the excessive license fee wrongfully exacted from them. (City v. Snediker, 78 Amer. Dec., 534 and notes; Mowatt v. Wright, 19 Amer. Dec., 508 and notes; Fecheimer Bros. v. Louisville, 8 Ky. L. R., 310.)

J. A. WILBURN AND C. B. HANCOCK FOR APPELLEE.

1. The Board of Council was the only authority which had the power to grant the license, and the appellants had no right to rely upon the promises or representations of its individual members. The board could only act at a meeting where its proceedings were recorded, and no such record is set up by appellants. (Schum v. Seymore, 24 N. J. Eq., 143; Dey v. Jersey City, 19 N. J. Eq., 412; Baltimore v. Poultney, 25 Md., 18; Strong v. Dist of Col., 4 Mackey, 242; McCorkle v. Bates, 29 O. St., 419.)

2. The payment was voluntary and can not be recovered back. (Louisville v. Anderson, 79 Ky., 344, and authorities there cited; Herron v. Monroe, 7 Cushing, 131.)

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT:

On the 5th day of January, 1893, the board of council of Clay City refused to grant to the appellants a license to sell liquors unless they would pay the sum of $750 therefor. They knew at the time this sum was demanded and paid that under the charter of the town the board of council could only require the payment of $300 for such license if the board saw proper to grant it. In view of this fact they protested against paying any sum exceeding $300. The city refunded $200 of the amount which they paid. This action was brought to recover $250, the amount which appears to have been illegally demanded.

The appellants allege that, before they made an application to the county court of Powell county therefor and obtained a State license to retail liquors in Clay. City, they applied to the authorities of the city who had the authority to grant a license to retail liquors, and were informed that if they obtained a State license that the council would grant them a license to retail liquors; that in view of that fact they obtained

a State license, rented a house, and got ready to do business.

These facts appear in the petition as amended, to which the court sustained a demurrer.

There is no statement of facts which indicated that the board of council had, in its organized capacity, made any order to this effect. If it had done so it could have reconsidered its action and refused to grant the license; hence, we are of the opinion that the statements as to the alleged promise of the authorities is immaterial as to the question involved. The question is, was the payment a voluntary one. The peculiar facts of each case must determine whether the payment is involuntary or voluntary. If the facts be as alleged, and we must assume them to be true on demurrer, the appellants had incurred the expense of having obtained a license from the State, the expense of renting a building in which to do business, and in geting ready to do business. Notwithstanding these facts, they could not have compelled the council to grant them a license to retail liquors.

We assume the council regarded them as suitable persons to engage in the business of retailing liquors, or it would not have made the order to grant the license. Having reached the conclusion to grant the license, it was wrong and illegal for them to demand a larger fee than $300, as the law-making branch of the government had declared that to be the maximum amount to be demanded. When the demand was made for $750, the appellants were confronted with a condi-

tion which compelled them to sustain a loss. If they refused to take the license on the condition imposed, then the expenses of the State license, the rent of the premises, and the expense of getting ready to do business was a total loss to them. If they paid $450 in excess of the amount which the council had the right to demand, then their apparent loss was an amount equal to the sum illegally demanded.

Presumably in the exercise of their judgments as to the best way to extricate themselves from a bad situation, forced upon them by the illegal conduct of the council they determined to protest and pay.

We believe the facts of this case remove it from that class of cases where a recovery is denied because the payments were voluntary.

The conduct of the council in demanding the illegal sum was such oppression that, in our opinion, it can not be said that the payment of the excess of $300 was voluntarily made.

If the facts of this case were substantially the same as those in Tyler v. Smith, 18 B. M., 799, we would hold the payment was voluntary, and that the action could not be maintained.

In reaching the conclusions we have in this case, we have not failed to consider the adjudged cases of this court wherein questions of voluntary payments were involved.

The judgment is reversed, with directions that the demurrer to the petition be overruled, and that further proceedings conform to this opinion.