CASE 96.—ACTION BY A. J. WEIKEL AND OTHERS AGAINST THE CITY OF LOUISVILLE.—April 22, 1910.

## City of Louisville v. Weikel, &c.

Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

SAMUEL B. KIRBY, Judge.

Decree for complainant and defendant appeals.— Reversed.

1. Constitutional Law—Ordinances—Uniformity of Operation.— A city ordinance, imposing a license tax for revenue purposes of $5 per annum on every firm or corporation selling or vending milk by wagon, cart, or any other vehicle in the city, for each wagon, cart, or vehicle so used, was unconstitutional as imposing the tax on milk venders by wagon only.

2. Constitutional Law—Ordinances—Legislative Power.—The power granted to cities to pass such laws as are necessary to enable them to properly carry on their business authorizes the city to pass only such ordinances as conform to the requirements of the general law as expressed in the Constitution; the Legislature having no power to delegate to a city the right to pass an ordinance violative of constitutional provisions.

3.  Taxation—Equality and Uniformity—Ordinances—Vehicle Tax.—Louisville City Ordinance, Sept. 1898, imposing a $3 vehicle tax on every wagon, cart, dray, omnibus, or other vehicle not specially designated therein, drawn by a single animal, etc., imposed a uniform tax, and was therefore valid.

4.  Taxation—Validity of Tax—Duty to Test.—A citizen's duty to pay his taxes promptly does not restrict his privilege and duty to have the legality of the tax tested.

5.  Limitation of Actions—Validity of Ordinance.—Where a city ordinance, imposing a license tax only on milk venders by means of wagons or vehicles, was unconstitutional on its face, plaintiff was not excused from refusing to comply therewith, and from testing its validity, by the fact that he was ignorant of the law, and his legal rights, but was bound to exercise ordinary diligence to discover the same, and hence he was barred by the five-year statute of limitations from recovering license fees paid for a longer period, on the ordinance being subsequently declared unconstitutional.

CLAYTON BLAKEY and ELMER C. UNDERWOOD for appellant.

ARTHUR B. BENSINGER and J. B. WEAVER for appellee.

Opinion of the Court by Judge Lassing—Reversing.

This litigation grows out of an error on the part of certain members of the Dairymen's Protective Association, suing for themselves and all others similarly situated, to recover of the city of Louisville certain license fees, paid to the city under an ordinance, approved April 23, 1898, and entitled "An ordinance licensing milk venders." Said ordinance is as follows:

"Be it ordained by the general council of the city of Louisville: That every person, firm or corporation selling or vending milk from house to house by wagon, cart or in any other vehicle in the city of Louisville shall pay a license in the sum of five dol-

lars per annum, in advance, for each wagon, cart or other vehicle used in carrying on said business, to be paid into the sinking fund of the city of Louisville for the purposes of the sinking fund.   *   *   *

"Sec. 2. Any person, firm or corporation violating the provisions of this ordinance shall be fined not less than five nor more than twenty-five dollars for each offense; each day said business is carried on without the license having been paid shall constitute a separate offense.

"Sec. 3. This ordinance shall take effect from and after its publication."

It was charged by the plaintiffs in their suit, that this ordinance was invalid and in violation of section 181 of the Constitution, and they sought to recover of the city the fees paid thereunder, and in addition thereto the further sum of $3 per annum on each wagon, which they alleged they had been required to pay as a license on their wagons used for the same purpose. It is agreed that plaintiffs and all others for whom they sued paid the $5 on each vehicle used in the business of vending milk annually, as provided for by the ordinance in question, and also the further sum of $3 as a license on each wagon so used, from the passage of the ordinance in 1898 up to and including January 1, 1909, about which time they first learned of the invalidity of the ordinance. Issue was joined upon the validity of the ordinance, and the city pleaded the five-year statute of limitation also. Plaintiffs sought to avoid the effect of this plea of limitation by setting up in their reply that they did not discover the invalidity of the ordinance until within five years next before the institution of their suit, and could not by the exercise of reasonable diligence have sooner discovered that the or-

dinance was invalid. Issue was joined upon the affirmative matter set out in the reply, and the case submitted for judgment on the pleadings, evidence, and agreed statement of facts. The chancellor found in favor of plaintiffs' contention, and allowed a recovery for all license fees so paid by plaintiffs during the 10 years next before the institution of the suit. The city appeals, and rests its right to reversal upon two grounds: First, that the ordinance is valid, and no recovery should have been allowed; and, second, if invalid, the plea of the five-year statute of limitation should have been upheld.

This is a revenue measure, pure and simple. All of the elements which would enter into its composition as a police regulation are lacking, and the passage by the city, shortly thereafter, of another ordinance, throwing certain restrictions and regulations around the sale of milk in Louisville, is the best evidence that the council considered it a revenue measure, and not a police regulation. This court has recently had occasion to consider two ordinances very similar to the one under consideration, passed by the board of council in cities of the second class, the first of which was an ordinance passed by the city of Covington, imposing a graded license fee upon vehicles used by grocers in their business; the fees being $5 for a one-horse wagon, $7.50 for a two-horse wagon, and $10 for a three-horse wagon. No license fee was fixed for those grocers who used no wagon in connection with their business. The enforcement of the ordinance was resisted on the ground that it was void because it discriminated against those grocers using wagons in connection with their business in favor of such as used no wagon. The lower court held it to be inoperative and void

because of this discrimination; and, in reviewing the case here, this court said: "It is competent for the city to select any of the enumerated classes as subjects for license taxes. But it is not competent for it to tax some members of a class set apart by the Legislature and not tax others of the same class. That would not be uniform taxation, and would be repugnant to the Constitution. The grant of power to the city is to tax by license certain specific trades or callings, which the Legislature has itself classified. If grocers are to be taxed, all grocers must be taxed. To be sure, the tax may be graded upon any natural and reasonable basis, as, for example, upon the amount of sales or character of stock of merchandise kept, or, for that matter, by the number of delivery wagons employed, so long as all are taxed upon the occupation of grocers. But this ordinance does not impose a license on all grocers. True, it says that it does; but, as no provision is made for collecting licenses from any grocers except those who employ delivery wagons, it follows that all who did not employ delivery wagons are not required to pay any license tax. This of itself is not uniform taxation.   *   *   *   We agree, also, with the circuit court that the manifest purpose of the ordinance was not to tax grocers, but to tax delivery wagons used by grocers. In this the council was without power. The statute designates plainly what vehicles might be the subject of such tax; that is, such only as were used for hire.   *   *   *   It being conceded that the grocery delivery wagons were not used for hire, the city would not impose a license tax upon them, either directly or indirectly. From a careful reading of the whole ordinance it is clear that its purpose was to tax vehicles used by grocers

as delivery wagons, and not to impose the tax on anything else. The circuit court held the ordinance to be invalid, and in that we concur." Following the case just referred to, an ordinance almost identical with the one under consideration was passed by the city of Covington. It provided for a license fee of $10 on each milk dealer using a vehicle, or vehicles, in connection with his business. No provision was made for taxing such milk dealers as used no wagon in connection with their business. The validity of this ordinance was questioned, and this court, speaking through Judge Nunn, held that the ordinance was inoperative and void, because it unjustly discriminated against those milk dealers who used a wagon in connection with their business. These two ordinances being so like the one under consideration, and each having been held to be inoperative and void for the reason given, we feel constrained to hold that, as the ordinance under consideration imposes a tax upon some of the milk dealers in the city of Louisville, while it relieves others entirely from this burden, it must likewise be held to be inoperative and void.

It is suggested by counsel for appellant that, as the charter provisions of cities of the second class are different from those of Louisville, a city of the first class, the rule announced in the foregoing cases has no application. But the validity or invalidity of the ordinance under consideration, as well as those passed upon in the cases supra, turns, not upon the charter provisions, but upon the question as to whether or not they are violative of the fundamental law as expressed in the Constitution. The right and power is given to cities by the Legislature to pass such laws as are necessary to enable them to prop-

erly carry on their business, but all such laws, when
so passed, must conform to the requirements of the
general law as expressed in the Constitution. Cities
have no more right, power, or authority to pass laws
not in conformity with the requirements of the Con-
stitution than the Legislature itself would have. Nor
can the Legislature delegate to the city the right to
pass ordinances which are contrary to and violative
of the plain provisions of the Constitution. The act
in question is void; and, the fees having been paid
by appellees under a mistaken idea and belief that
it was a valid ordinance, they are entitled to recover
same back from the city, unless this right has, to
some extent, been curtailed or lost by delay in the
institution of their suit; in other words, unless the
contention of the city that the five-year period of
limitation applies, in which event they would be en-
titled to recover only such fees as they had paid
during the five years next preceding the institution
of their suit.

Before entering upon a consideration of this ques-
tion, we will dispose of the contention of appellees
that there should be repaid to them the vehicle li-
cense fees of $3 on each vehicle used by them in the
conduct of their business, which they paid under the
general vehicle ordinance passed September, 1898,
and which is as follows:

"Be it ordained by the general council of the city
of Louisville:

"Sec. 1. That every vehicle run or used in the
city of Louisville shall be subject to the following
licenses to be paid into the sinking fund of the city
of Louisville for sinking fund purposes. For each
and every wagon, cart, dray, omnibus or other ve-
hicle not specially designated herein drawn by a

single animal, the license shall be three dollars per year, etc. Approved September, 1898.''

This ordinance is general in its application, and applies to all vehicles using the streets of the city of Louisville. The objection raised to the ordinance applying to milk venders has no application here, for the reason that this tax was exacted of all vehicles using the streets, and, unlike certain ordinances in cities of the second class, where vehicles for hire using the streets are taxed, it cannot be said that it discriminates in favor of or against any one. Now, as all other vehicles than those used by milk venders in their business are required under this ordinance to pay a license fee of $3 for each wagon, why should milk venders be exempt from the provisions of the act? We must confess we are unable to understand. The case relied upon by appellee, and upon which the chancellor seems to have based his judgment, has no application, for the reason that in that case (City of Newport v. Fitzer, 131 Ky. 544, 115 S. W. 742, 21 L. R. A. [N. S.] 279) the first ordinance licensing their business was held to be valid; and, as the business was to be carried on in wagons, the court held that that tax or fee carried with it necessarily the right to operate the wagons; and, this being so, a second fee for operating their wagons could not be exacted of them without imposing upon them double taxation. Here no such condition exists. The milk venders' ordinance is not held to be valid. Appellees are not held to be answerable to the city for the fees provided therein. On the contrary, they are relieved from all liability on account thereof. The ordinance is as though it had never been passed so far as they are concerned. The only valid ordinance applicable to

them and their business, as appears from this record, is the general vehicle ordinance, imposing a license fee of $3 on each vehicle. They have shown no good and sufficient reason as to why they should be relieved from the payment of this fee, or rather why the city should be called upon or caused to refund these vehicle tax fees to them. We are of opinion that the chancellor erred in so holding.

This brings us to a consideration of the second question raised upon this appeal, to wit, the application of the statute of limitation. For appellees it is urged that it is the policy of the law that citizens should obey the law, and should pay their taxes promptly, in order that the government may be successfully carried on. This is true as a general proposition, but it is likewise true that, if a citizen questions the right of the government to lay a certain burden upon him in the form of a tax, it is not only his privilege, but his duty, to have that right tested; and if, entertaining a doubt as to the validity of the tax, he goes ahead and pays it, or, in the absence of a doubt, pays it without question, why should he be placed in an any more advantageous position than if he had paid money under a mistake of either law or fact to an individual? We are cited to no authority holding that the citizen is to be favored in any manner when dealing with the government any more than he would be when dealing with an individual. If the facts presented are such as show that the mistake could not have been discovered by the exercise of reasonable diligence within five years after the mistake was made, then, under an unbroken line of decisions, the five-year statute of limitations would not apply. Whereas, on the other hand, if by the exercise of ordinary care or diligence

the mistake could have been discovered, then the five-year statute of limitation should apply. By its plain terms this ordinance required milk venders using a wagon to pay a license fee. No other milk venders in the city of Louisville were so taxed. So far as appears from the record, those using wagons had not theretofore been taxed. No good reason, in fact no reason at all, is shown why the validity of this ordinance was not questioned, and the right of the city to collect this tax tested. Appellees may not excuse themselves from exercising due diligence on the ground that they are laymen and are not familiar with their rights. Neither may they shelter behind their ignorance of the law as to their legal rights. It is not enough for them to allege that they could not have discovered the invalidity of this ordinance until after a similar ordinance had been questioned and declared invalid, but they must show facts and circumstances which were calculated to deceive and mislead or prevent them from exercising their rights, which were concealed from them, and which they could not, by the exercise of ordinary diligence, know or discover. No such showing is made here. The ordinance, as it now stands, became a matter of record immediately upon its passage and approval. They had the same right immediately thereafter to test its validity that they had when this suit was filed. There was no time between the date of its passage and the institution of their suit that they might not have, by the exercise of any degree of care whatever, questioned and had tested the validity of this ordinance; but, instead of doing so, they chose rather to comply with its provisions and pay annually the license fees therein provided for, and doubtless would have been still complying with its

terms and provisions had they not learned that a similar ordinance had been declared inoperative and void. There is no merit in the claim that they could not, by the exercise of ordinary diligence, have discovered the invalidity of the ordinance, for the only way in which the validity of any ordinance can be determined is by bringing a suit. This could have been done at any time, and the failure on the part of appellees to either resist the payment of the license fees, and thus compel the city to sue, or to enjoin the city from collecting the license fees, and thereby have the validity of the ordinance tested, was a lack of the exercise of any diligence whatever on their part. They are entitled to recover from the city only such fees as they have paid during the five years next before the institution of their suit. They are entitled to recover from the city nothing for the license fees which they paid under the general vehicle ordinance.

The judgment of the lower court is reversed, and the cause remanded, with instructions to enter a judgment in conformity with this opinion.

RESPONSE TO PETITION FOR REHEARING BY JUDGE LASSING—June 1, 1910.

In the petition for a rehearing we are asked to modify the opinion by striking therefrom the following paragraph, to wit:

"Appellees have shown no good and sufficient reason as to why they should be relieved from the payment of this fee, or, rather, why the city should be called upon or caused to refund these vehicle tax fees to them. We are of the opinion that the chancellor erred in so holding."

Upon consideration, we conclude that this should not be done, as the matter objected to is responsive

to the following statement, found in the written opinion delivered by the chancellor, to wit: ''That the city may not exact of the plaintiffs $3 for each vehicle used in their business after they have obtained the license by paying the amount of the first ordinance, which authorizes them to operate wagons in their business, has been recently and definitely settled in the case of City of Newport v. Fitzer, 131 Ky. 544, 115 S. W. 742 [21 L. R. A. (N. S.) 279]. This opinion was rendered by the Court of Appeals January 22, 1909, and puts the question beyond discussion.'' The chancellor having held the $5 tax invalid, because not uniform in its application, and the $3 tax invalid, because it imposed double taxation, and having rendered a judgment for a lump sum, we were unable to determine from the judgment what particular items were intended to be covered thereby. This made it necessary to pass upon the correctness of his ruling as to the validity of each ordinance.

In the opinion, plaintiffs were authorized to recover such sums as were paid them to the city under the $5 ordinance during the five years next immediately preceding the institution of their suit. It is agreed by opposing counsel that such fees amount to $3,326, and the chancellor will enter judgment for this amount, with interest from the dates of payment.