## River Excursion Company et al. v. City of Louisville.

(Decided May 31, 1932.)

LEO J. SANDMANN for appellants.

ROWAN HARDIN, Assistant City Attorney, for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

The city of Louisville is a city of the first class. Prior to January 1, 1920, it enacted an ordinance pro-

viding for and requiring a certain license fee of each boat or vessel carrying passengers on excursions from any wharf or shore in the city, whether operated by a person, firm, or corporation. It provided that:

"Upon the failure of any person, firm or corporation to take out such license it should be the duty of the treasurer and secretary of the sinking fund or any assistant license inspector of the city to procure or cause to be procured the issuance of a warrant of arrest for each violation thereof, and to cause such offender to be prosecuted thereunder."

The license fee was by the original ordinance, $200 the month, or $10 the day. By amendment it was changed to $200 the month, or $5 the day. In December, 1929, it was fixed by an amendment at $50 the month, or $10 the day.

The River Excursion Company, Inc., Streckfus Steamers, Inc., Louisville & Cincinnati Packet Company, Inc., and Coney Island, Inc., were engaged in interstate commerce, operating boats carrying passengers on excursions to and from the wharf in the city, for and during the years 1920, to and including 1930. The Louisville & Cincinnati Packet Company and the River Excursion Company paid under the ordinance license fees aggregating $4,800; the Streckfus Steamers, Inc., paid during these years $20, and the Coney Island, Inc., $50.

On June 16, 1930, they filed an action against the city of Louisville in the District Court of the United States for the Western District of Kentucky, at Louisville, Ky., attacking the ordinance and its amendments on the ground that they were regularly enrolled, licensed, and engaged in the coasting trade under the laws of the United States in accordance with the provisions of chapter 12, title 46 USCA (section 251 et seq.), and asserted that such license authorized them to engage in the business designated by the ordinance, and that therefore it was void as to them, and that the city was illegally exacting of them the license fee fixed by the ordinance and its amendments. It was determined by the court that the city was without right to require them to pay the license fee fixed and imposed by the ordinance as amended.

In December, 1930, they filed this action against the city to recover the amount of license fees which they

had paid to it under the original and amended ordinance, which they allege, together with interest, amounts to $6,353.70. On demurrer to the petition it was dismissed, from which this appeal was taken.

The city argues that the appellants had three remedies against the payment of the license tax, viz.: (a) Injunction; (b) payment and suit to recover back; (c) trial of the question in the ordinance division of the police court of the city of Louisville; and (d) that the payment of the license fees was made every September 1, for ten years, and under the circumstances such payments should be deemed voluntary. To sustain this insistence the city cites City of Lancaster v. Pope, 156 Ky. 1, 160 S. W. 509, Ann. Cas. 1915C, 752; Bean v. City of Middlesborough, 57 S. W. 478, 22 Ky. Law Rep. 415; Carr v. City of Memphis (C. C. A.), 22 F. (2d) 678, and Vol. 17 R. C. L., sec. 66, page 552.

In City of Lancaster v. Pope, the city endeavored to collect ad valorem taxes of Pope. He resisted payment and sought an injunction to prevent the city from collecting it. This court held that an injunction was an appropriate remedy to prevent the collection of illegal taxes upon personalty and sustained Pope's contention. An injunction is also the remedy to prevent the enforcement of a discriminatory ordinance assessing a license tax, to be paid under such ordinance. City of Danville v. Quaker Maid, Inc., 211 Ky. 677, 278 S. W. 98, 43 A. L. R. 590.

In Bean v. City of Middlesborough, cited by the city, an ordinance required "every huckster doing business in the city . . . shall pay a license of ten dollars per annum," and excepted from its operation persons living in the country who may bring to the city any country produce or marketing of their own raising and sell the same from his or their wagon, whether to a store or upon the streets to the citizens. Bean was arrested for a violation of this ordinance. After his arrest and before the trial, he agreed with the city authorities to take out the license, pay $10 therefor, on the condition that the warrant against him be dismissed. After so doing, he filed suit to recover the $10 paid by him and $1,000 damage for his arrest. The ordinance was valid, but did not apply to Bean, since he was engaged in raising and selling produce from his wagon. The court held that he was not entitled to recover; that having volun-

tarily paid the money under the circumstances he was estopped. It will be observed hereinafter that the rule enunciated in Carr v. City of Memphis, supra, and in 17 R. C. L., sec. 66, page 552, is not followed in this state.

Counsel for the city in the present case concedes that there is a line of cases in Kentucky apparently contrary to the contention of the city. The decisions of this court bearing on the question seemingly, but do not, conflict. The view that there is a conflict in the opinions of this court arises from the confusion of the right to prevent the collection or the ''recovery back'' of a mere property tax with the right to prevent the collection or recovery of a license tax where a penalty is imposed or not, by a municipal ordinance. The right to recover of the commonwealth under section 162, Ky. Statutes, a tax wrongfully collected is often confused with the right to recover of a municipality such a tax. The right to recover a mere property tax depends on whether its payment by the taxpayer was voluntary or involuntary; each case depending upon its own particular facts. Where no penalty is imposed by a municipal ordinance for engaging in a business or occupation without first procuring a license and paying the required fee, in an action to recover such license fee, this court applies the rule which prevails in an action to recover an illegal or unauthorized property tax. City of Morganfield v. Leo Wathen Drug Co., 202 Ky. 641, 261 S. W. 12, 15.

The prevailing rule in this state controlling the right of a licensee to recover a license fee of municipality paid by him was applied in the following cases: Bruner & Bloom v. Clay City, 100 Ky. 567, 38 S. W. 1062, 18 Ky. Law Rep. 1008; Bruner v. Town of Stanton, 102 Ky. 459, 43 S. W. 411, 19 Ky. Law Rep. 1514; Stanford v. Hite, 2 Ky. Law Rep. 386; Fecheimer v. Louisville, 84 Ky. 306, 2 S. W. 65, 8 Ky. Law Rep. 310; Bergmeyer v. Greenup County, 44 S. W. 82, 19 Ky. Law Rep. 1599; Board of Council of City of Harrodsburg v. Renfro, 58 S. W. 795, 22 Ky. Law Rep. 806, 51 L. R. A. 897; Town of Providence v. Shackelford, 106 Ky. 378, 50 S. W. 542, 20 Ky. Law Rep. 1921; City of Lebanon v. Humkey, 161 Ky. 454, 170 S. W. 1172; City of Louisville v. Weikel, 137 Ky. 784, 127 S. W. 147, 128 S. W. 587; Spalding v. City of Lebanon, 156 Ky. 37, 160 S. W. 751, 753, 49 L. R. A. (N. S.) 387; Ziedman & Pollie, Inc., v. City of Ashland, — Ky. —, 50 S. W. (2d) —, decided May 27, 1932.

In the Spalding case the ordinance imposed a penalty, and in stating the conclusion of the court we said:

"The rule in most jurisdictions is that money paid under a mistake of fact can be recovered, but money paid under a mistake of law cannot be recovered. But to this general rule the decisions of this court form an exception, since it has long been settled in this state that money paid under a mistake of law may be recovered. And since one is much more inclined to make a mistake of law than a mistake of fact, the wisdom of the Kentucky rule would seem apparent to every one. One of the modifications to this Kentucky rule, however, is that illegal taxes paid voluntarily may not be recovered; but, if they are paid under compulsion which exists whenever they are collectible by summary process of fine and imprisonment, they come within the general rule and may be recovered. When taxes can be collected by suit only, and are voluntarily paid, an action to recover them cannot be maintained. Louisville & N. R. Co. v. Hopkins County, 87 Ky. 605, 9 S. W. 497, 10 Ky. Law Rep. 806; Louisville & N. R. Co. v. Com., 89 Ky. 539, 12 S. W. 1064, 11 Ky. Law Rep. 734; German Security Bank v. Coulter, 112 Ky. 577, 66 S. W. 425, 427, 23 Ky. Law Rep. 1888."

In the above case the prior opinions of this court were considered, and this rule was enunciated as the correct one. It may be regarded as the settled law controlling in such cases. Ziedman & Pollie, Inc., v. City of Ashland, supra. The city of Morganfield v. Leo Wathen Drug Co., supra, is not in conflict with Spalding v. City of Lebanon and City of Lebanon v. Humkey. The facts in it easily distinguish it from them. The petition of Wathen is copied in the opinion of this court. It will be observed that it was not alleged in the petition that the ordinance imposed a fine or imprisonment on the licensee for engaging in business before paying the fee required by the ordinance; also that that line of cases was cited as authority which deal exclusively with the right of the taxpayer to recover the taxes paid when paid voluntarily, and, as there stated, "it is regarded as voluntary when it can be enforced only by suit."

Our conclusion in City of Morganfield v. Leo Wathen Drug Co., was stated in this language:

"Measured by the averments of the plaintiff Wathen's petition, he was not obligated to pay the tax at the time he did make the payment in order to avoid a penalty or to release himself from custody or secure the possession of his property. So far as the averments of the petition show, he was in no immediate danger of either criminal or civil proceedings, looking to the collection of the license tax. This payment, therefore, was voluntary, and being voluntary is not recoverable."

It should be observed that this conclusion was determined by the allegations of the pleading, which did not attempt to allege that a fine or imprisonment was authorized by the ordinance in case of the person failing to obtain and pay for the license required by the ordinance. The appellants seek to recover the license fees paid by them more than five years next before the commencement of this action. As a general rule a pleading setting out a cause of action which, in whole or in part, accrued more than five years next before the commencement of the action, is not demurrable on that ground. In City of Louisville v. Weikel, 137 Ky. 784, 127 S. W. 147, 150, 128 S. W. 587, Weikel and others sought to recover of the city of Louisville certain license fees, a portion of which was paid more than five years next before the commencement of the action. In disposing of the case on its merits, this court said:

"They are entitled to recover from the city only such fees as they have paid during the five years next before the institution of their suit."

As to the appellants' right to recover interest, it may be said that until a demand was made of the city, or if no demand was made before the institution of this action, interest is not recoverable prior to the demand to refund or the institution of the action, according to the facts, which are not set out in the petition. But this court cannot determine the question of limitation or interest on a demurrer to the petition.

Judgment reversed for proceedings consistent with this opinion.

Whole court sitting.