CASE 56.—PROSECUTION BY CITY OF NEWPORT AGAINST WILLIAM FITZER FOR VIOLATING CITY ORDINANCE FOR TAXNG VEHICLES.—January 22.

## City of Newport v. Fitzer

Appeal from Campbell Circuit Court.

CHAS. W. YUNGBLUT, Circuit Judge.

Judgment for defendant, plaintiff appeals—Affirmed.

1. Licenses—Double Taxation—Vehicle Tax Against Licensed Peddler.—It is double taxation to require one, who has paid a license to use his wagon in peddling on the streets, to pay for and take out an additional license for the same privilege, under an ordinance taxing vehicles.

2. Constitutional Law—Presumption as to Double Taxation—Construction of Statutes.—The courts will never presume that double taxation is intended, nor so construe a statute as to enforce double taxation, unless its language is such as to leave no doubt.

3.  Licenses—Ordinance Taxing Vehicles—Application to Licensed
Peddler's Wagon.—Where an ordinance taxing vehicles is
made to apply solely to vehicles in general use in the streets
of a city, and does not in express words, or by necessary im-
plication, embrace a vehicle for the use of which a license
tax is paid by a peddler under another ordinance, it should
not be so construed as to apply thereto.

COURTLAND T. BAKER for appellant.

GEORGE VEITH for appellee.

(No briefs in the record.)

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Affirming.

The appellee, William Fitzer, was convicted and
fined $20 in the police court of the city of Newport,
for an alleged violation of an ordinance known as the
"Vehicle License Ordinance," he being a huckster
or peddler, and the owner of a one-horse wagon (with
springs), which he was using on the streets of the
city in the business of huckstering or peddling, with-
out having procured from the city clerk, the annual
license required by the vehicle ordinance of the owners
of vehicles for the right to use them upon the streets
of the city, the fee or tax for such license being fixed
by the ordinance at $3.  Following his trial and con-
viction in the police court, appellee took an appeal
from the judgment to the Campbell circuit court,
and that court, upon the agreed facts submitted by
the parties, held that he was not required to obtain
the license prescribed by the vehicle ordinance in
order to use his wagon upon the streets of Newport
in his business of peddling.  Of the latter judgment
the city of Newport complains, and from it prosecutes
this appeal.

vol. 131—18

It appears from the agreed facts that the appellant city has another ordinance which requires one, who engages in the business of huckstering or peddling within its corporate limits, to obtain an annual license therefor, the fee or tax for which, when peddling on foot, is $10, but when carried on with a wagon $20. Appellee had paid the $20 license tax, and was conducting his peddling business under such license before and when he was arrested, tried, and convicted in the police court for failing to procure the $3 license prescribed by the vehicle ordinance; and it was for this reason the circuit court held that he was not liable to punishment for such failure, and that the vehicle ordinance did not apply to him. We fully concur in the conclusion reached by the circuit court. To compel appellee, after paying for taking out a license which authorized him to use his wagon upon the streets of Newport in peddling his wares, to pay for and take out an additional license for the same privilege conferred by the first, viz., to use or operate the same wagon upon the streets of the city in the same business, would, it seems to us, amount to double taxation.

A reasonable view to take of the matter is that the privilege of engaging in the occupation of a huckster with a wagon in the city of Newport, conferred upon appellee by the first ordinance, in consideration of his paying therefor the required license tax of $20, carried with it, as an incident to the license, the right to the free use of the streets with his wagon in the prosecution of his business. In other words, if one pays a license tax to obtain the privilege to peddle with a wagon in the city of Newport, he obtains with the privilege the right to the free use of the streets of the city with his vehicle,

for the only occupation or business authorized by the license cannot proceed without the use of the wagon, and the wagon cannot be employed in the business without the use of the streets of the city.   It has been said by this court that: "Double taxation is not per se unconstitutional.   It is only when taxes are imposed twice by the same government, upon the same property as against the same owner, that they are inhibited, and then only by virtue of the clause in the Constitution which requires all taxes to be uniform. * * *"  East Ky. C. L. Corp. v. Commonwealth, 106 S. W. 260, 127 Ky. 667, 32 Ky. Law Rep. 150.  And even where double taxation may not be violative of the Constitution, the courts will never presume that double taxation was intended, nor will they so construe a legislative enactment as to enforce double taxation, unless its language is such as to leave no doubt that it was intended.  We know of no better rule of construction with respect to the question under consideration than that stated by the Supreme Court of Tennessee in the case of Bell v. Watson & Brother, 3 Lea, 328, wherein it is said: "The real question, however, is whether the Legislature intended that the keeper of a livery stable should pay a license tax for the privilege of carrying on the business, and also a separate license tax for the privilege of exercising the essential parts of that business.  Whatever power the Legislature may have had to levy a double tax, the presumption always is against such intent.  A statute will not be so construed as to embrace double taxation, unless the construction is required by its express words or necessary implication.  The safe and sound rule of construction of levying laws is to hold, in the absence of express words plainly disclosing a different in-

tent, that they were not intended to subject the same property to be twice charged for the same tax, nor the same business to be twice taxed for the exercise of the same privilege. In order to prevent misconstruction it is proper to say that the foregoing rule only applies in the cases where the occupation or business, the privilege tax upon which would be a double charge, is an essential part of the business, for the exercise of which the license had been taken out. The running of an express wagon is a necessary part of the business of an express company. The running of a buggy is, according to the evidence in this case, an essential part of the business of a livery stable keeper.''

The vehicle license tax ordinance appellee was charged with violating does not mention a peddler's or huckster's wagon as such, though it may be said to be embraced by the words ''wagon (with springs) drawn by one horse,'' for the use of the streets, for which a license tax of $3 is imposed. It will be observed, however, that the ordinance is silent as to whether a vehicle, used in peddling, and the right to use which in the city is authorized by a peddler's license issued to the owner, shall pay the vehicle license tax imposed by the ordinance. Therefore, in the absence of an express declaration therein that such additional tax shall be paid, we will not hold that it can be imposed, and thereby enforce double taxation. In the case of the New Galt House Company v. City of Louisville, 111 S. W. 351, 33 Ky. Law Rep. 869, 129 Ky. 341, this court held that, under an ordinance requiring first-class hotels to pay a license of $150 per year, and a like tax on all restaurants or eating houses where the yearly receipts amount to $50,000, the fact that a first-class hotel

changed its plan of serving meals from the "American plan" to the "European plan" would not make it amenable to a license tax of $150 for the hotel and separate license tax of $150 for keeping a restaurant, where all the meals are served from the same table. The case of Wilson & Brother, etc., v. City of Lexington, 105 Ky. 765, 49 S. W. 806, 50 S. W. 834, 20 Ky. Law Rep. 1593, cited by counsel for appellant, does not conflict with the conclusion expressed in the opinion herein. In that case a license tax of $10 for keeping a livery stable and a separate tax of a different sum for each vehicle kept for hire were provided for in and by one and the same ordinance. The constitutionality of the ordinance was properly upheld because the additional tax was expressly provided for therein, and because the whole was held to be merely a tax on the occupation of the party owning or plying the vehicles in the city, though technically it appeared to be a tax on the vehicles. In the case before us the occupation of the appellee, in which the use of his vehicle was necessary, is taxed by the first ordinance, whereas the tax imposed by the last or vehicle ordinance is made to apply solely to vehicles in general using the streets of the city of Newport. As the last ordinance does not in express words, or by necessary implication, embrace a vehicle for the use of which a license tax is paid under the first ordinance, it should not be so construed as to apply to appellee's wagon. In other words, upon the face of the ordinances we do not feel authorized to assume that the city intended to segregate the different parts of appellee's occupation or business, and charge separate license for each.

Wherefore the judgment of the lower court is affirmed.