CASE 4.—ACTION BY FRED E. STEVENS AND OTHERS
          AGAINST CITY OF LOUISVILLE TO RESTRAIN IT
          FROM PROSECUTING PLAINTIFFS FOR SELLING
          PISTOLS AT RETAIL WITHOUT A LICENSE.—Oct
          20, 1909.

## Stevens, &c. v. City of Louisville

Appeal from Jefferson Circuit Court (Chancery
Branch, First Division).

SHACKELFORD MILLER, Judge.

Plaintiffs' petition dismissed and they appeal.—
Affirmed.

Pawnbrokers—Licenses—Sale of Pistols.—The license ordinance
    of a city in one section provided for a pawnbroker's license,
    and in another section for a license to sell pistols at retail.
    Held, that the taking out of a pawnbroker's license did not
    authorize the pawnbroker to sell pistols at retail without tak-
    ing out a license for the sale of pistols.

CHATTERSON & BLITZ for appellant.

### POINTS AND AUTHORITIES.

1. The right in a municipality to levy or collect taxes is a special
delegated authority, and must be strictly complied with. Ken-
tucky Statutes, Section 2980; Schuster v. City of Louisville, 28
Ky. Law Rep. 528; City of Louisville v. Button, 26 Ky. Law Rep.
606.

2. Where the main business pays a tax by way of license, it is
to be presumed that the licensee shall have all of the privileges
ordinarily included in, or incident to, that business. New Galt
House Co. v. City of Louisville, 111 S. W. 351.

3. Both the statute of the State and the ordinance of the city
defines what the business of a pawn broker is, and provides for
a licensing of that business; and the appellants in this case have
paid that license tax in both instances, and to compel them to pay
a second license tax upon an incidental business is to require a

Stevens, &c. v. City of Louisville.

double license or tax which is abhorrent to the Constitution of this State. New Galt House Co. v. City of Louisville, Ibid; City of Newport v. Fitzer, 115 Ky. Dec. 742.

4. Where an ordinance is valid upon its face, and the alleged invalidity consists in matters to be established by extrinsic evidence, a court of equity will always interfere to determine the rights of the parties by injunction pending that determination. Brown v. Trustees of Catlettsburg, 11 Bush 437; Ludlow & Cin. Coal Co. v. City of Ludlow, 19 Ky. Law Rep. 1381; Shinkle v. City of Covington, 83 Ky. 420; Ewing v. City of St. Louis, 5 Wallace 413.

5. Also to prevent a multiplicity of actions (whether criminal or civil) or irreparable injury.

6. The license ordinance in this case is a revenue ordinance.

7. The city of Louisville has never received authority of law to impose upon any business or occupation a regulation ordinance, and the purposes of all ordinances must be specified in the ordinance. Schuster v. City of Louisville, 28 Ky. Law Rep. 528; City of Louisville v. Button, 26 Ky. Law Rep. 606.

8. The petition in this case alleges all of the facts necessary under these decisions to establish equitable jurisdiction, and these facts are admitted to be true by the demurrer. Norman v. Ky. Board of Managers, 93 Ky.; page 537.

CLAYTON B. BLAKEY and ELMER C. UNDERWOOD for City of Louisville.

### POINTS AND AUTHORITIES.

1. The law presumes that the Police Court of the City of Louisville would have correctly decided the law and the fact had appellants been actually present before it for trial.

2. Kentucky Statutes, Section 2922, provides an ample remedy at law in cases like the one at bar. Where the fine inflicted by the Police Court is more than $20.00 the defendant may appeal to the Jefferson Circuit Court; where the fine imposed is $20.00 or less the defendant is entitled to a writ of prohibition to test the validity of the ordinance involved.

3. No warrants or summonses have ever been issued, but have only been threatened. As Kentucky Statutes, Sec. 2922, affords a complete remedy at law a Court of Equity will not interfere by injunction to restrain criminal proceedings. Smiser v. City of Cynthiana, 97 S. W. 35; In re Sawyer, 124 U. S. 209; Rogers v. Cincinnati, 5 McLean (U. S.) 337; Am. & Eng. Enc. of Law, 2d. Ed., vol. 16, p. 337; Shinkle v. City of Covington, 83 Ky. 420; Ludlow & Cincinnati Coal Co. v. City of Ludlow, 102 Ky. 354;

High on Injunctions, 3d Ed., sec. 1244; Louisville & Nashville Railroad Co. v. Barrall, 25 Ky. Law Rep. 1395.

4. A pawn broker's license does not confer the right to sell any class of personal property that the pawn broker may choose to take in pledge. If this were not so, a pawn broker could sell cigarettes, intoxicating liquor, playing cards, and bowie knives as well as pistols. The ordinance requiring a license to sell pistols is a police measure and the fact that a pawn broker has paid a pawn broker's license does not justify him in evading such police measure. Commonwealth v. Fowler, 17 Ky. Law Rep. 1209; Am. & Eng. Enc. of Law, Vol. 21, page 807; Bowser v. Thompson, 20 Ky. Law Rep. 21, 103 Ky. 331; Commonwealth v. Fowler, 96 Ky. 166.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

The license ordinance of the city of Louisville among other things contains the following:

"Section 1. That hereafter the following licenses shall be paid into the sinking fund of the city of Louisville for the purposes of the sinking fund, for doing the business, following the callings, occupations and professions, or using or holding, or exhibiting the articles hereinafter named in the city of Louisville in addition to the ad valorem taxes heretofore levied cr hereafter to be levied on any species of property in the city of Louisville."

"Sec. 66. Every person, firm, or corporation whose business is to take or receive by way of pledge, pawn or exchange any goods, wares or merchandise, or any personal property whatever, as security for the payment of money lent thereon, other than banks or trust companies, shall be deemed a pawn broker and shall pay a license of three hundred and fifty dollars per year."

"Sec. 72. Every person, firm or corporation who sells pistols at retail shall pay a license of one hundred dollars per year."

"Sec. 106. Any person, firm or corporation violating any of the provisions of this ordinance, where a different fine has not been provided, shall be fined not less than five dollars nor more than one hundred dollars for each offense. Each day the violation is continued shall constitute a separate offense."

Appellants are pawnbrokers in the city of Louisville, and took out license as such; but they did not take out license to sell pistols at retail. The city was threatening to institute prosecutions against them, and they thereupon brought this suit the purpose of which was to obtain an injunction or prohibition restraining the city from prosecuting them for selling pistols at retail without license. The circuit court dismissed their petition, and they appeal.

The only question we deem it necessary to consider on the appeal is the validity of section 72, as to pawnbrokers. It is insisted for appellants that as they have taken out license as pawnbrokers to require them to take out a license to sell pistols at retail will be to tax them twice on their business, and the case of Newport v. Fitzer (Ky.) 115 S. W. 742, is relied on. In that case there was a city ordinance which required the payment of $20 for a license for peddling when carried on with a wagon, and $10 if carried on on foot. There was also another ordinance requiring the payment of $3 by the owner of a vehicle for the right to use it upon the streets. It was held that, as the $20 was paid for the privilege of peddling with a wagon, this necessarily carried with it the right to use the wagon on the streets, as there could be no peddling with a wagon unless the wagon was run on the streets, and that, therefore, it must be presumed that the $3 tax was levied on vehicles not otherwise licensed. That is not this case. The business of a

pawnbroker may be carried on without selling pistols at retail. Sections 66 and 72 are to be read together. The license under section 66 authorizes the pawn-broker to carry on the business, and to deal in all those things for which no special license is required. But, if a pawnbroker wishes to deal in those things which can only be sold at retail under a special li-cense, then, in order to sell at retail these things, he must take out the license required for that business. To hold otherwise would be to say that a pawnbroker who had taken out a license as such might carry on under this license the business of retailing other goods of any kind for the sale of which a special li-cense is required by the ordinance of the city. Such a construction of the ordinance would defeat the man-ifest purpose of the council in requiring a special li-cense for the retailing of certain things, and it would enable a pawnbroker under one license to carry on any kind of retail business he pleased without the payment of a special license tax. To illustrate: If he may sell pistols without paying the special tax, he may upon the same principle sell playing cards, whisky, cigars, tobacco, soft drinks, and all other things for which a special license may be required.

Judgment affirmed.