(No. 24578.—

FRANK BARDON *et al.* Appellants, *vs.* S. L. NUDELMAN, Director of Finance, *et al.* Appellees.

*Opinion filed June 20, 1938.*

LEVINSON & ROSENFELD, for appellants.

OTTO KERNER, Attorney General, (MONTGOMERY S. WINNING, and WILLIAM C. CLAUSEN, of counsel,) for appellees.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Appellants, Frank Bardon and fifteen hundred eighty-four duly licensed retail liquor dealers, filed their complaint in the circuit court of Cook county to enjoin the appellees, S. L. Nudelman, Director of Finance, and John C. Martin, State Treasurer, from enforcing against them the provisions of "An act in relation to a tax upon persons engaged in the business of selling tangible personal property to purchasers for use or consumption" (hereinafter referred to as the Retailers' Occupation Tax act) approved June 28, 1933, effective July 1, 1933, as subsequently amended, (Laws of 1937, p. 1058; Ill. Rev. Stat. 1937, chap. 120, pars. 440-453,) and for other relief. The court sustained defendants' motion to dismiss and rendered a decree dismissing the complaint for want of equity. The revenue is involved, and plaintiffs have appealed directly to this court.

Appellants contend that the tax imposed by the Retailers' Occupation Tax act, and the license imposed under sections 1 and 4 of article 5 of "An act relating to Alcoholic Liquors," (hereinafter referred to as the Liquor Control act,) approved and in force January 31, 1934, as subsequently amended; (Ill. Rev. Stat. 1937, chap. 43, pars. 115-118,) are for the identical privilege of engaging in the business of selling tangible personal property to purchasers for use or consumption, and that the result is double taxation. They say that unless the legislature clearly indicates its intention to levy a double tax, only one tax will be upheld. They also insist that where there are two statutes involved and one is general, while the other deals with a particular occupation, the latter will be taken as constituting either an exception to or a *pro tanto* repeal of the general statute, especially where the particular statute is more recently enacted than the general statute.

While both of the taxes here involved may be classified as occupational in character, an examination of the two

statutes shows that they were enacted with different objects in view. The Retailers' Occupation Tax act is a revenue measure based upon the taxing power. There are no provisions in it which seek to regulate the business of persons engaged in selling tangible personal property at retail, except to the extent necessary to collect the tax imposed by the act. On the other hand, the Liquor Control act is primarily an exercise of the police power. Section 1 of article 1 thereof provides that the act shall be liberally construed "to the end that the health, safety and welfare of the People of the State of Illinois shall be protected and temperance in the consumption of alcoholic liquors shall be fostered and promoted by sound and careful control and regulation of the manufacture, sale and distribution of alcoholic liquors;" article 3 provides for the establishment of the Illinois Liquor Control Commission; article 4 empowers cities, villages, towns and counties to regulate the use of alcoholic liquors; article 5 provides for the issuance of licenses, and specifies the kind and cost thereof; article 6 fixes the qualifications of licensees, and places limitations upon the operation of their respective businesses; article 7 establishes the procedure to be followed in issuing and revoking licenses, and article 10 fixes penalties for violations of the act. The Liquor Control Commission is vested with power to administer the regulatory provisions of the act. Article 8 is the only provision of this act which levies a tax purely for revenue. This article is administered by the Department of Finance and levies a tax only upon manufacturers and importing distributors of alcoholic liquors, and these taxes are declared to be in addition to all other occupation or privilege taxes imposed by the State, municipal corporations, or subdivisions thereof.

The retail liquor dealer's license fee to the State, fixed by the Liquor Control act, is $50 per year. It is significant that no effort is made to show that this license fee is prohibitory or that the amount charged is more than sufficient

to defray the reasonable expense of enforcing this police measure. It is not charged that under the guise of regulation, the State is, in fact, collecting these fees for revenue purposes.

Somewhat similar questions to those involved here were presented in *People* v. *Deep Rock Oil Corp.* 343 Ill. 388, *Harder's Storage Co.* v. *City of Chicago,* 235 id. 58, and *New York Central Railroad Co.* v. *Stevenson,* 277 id. 474. In the first of these three cases we held the motor fuel tax, the property tax on motor vehicles, and the license required to be paid under the Motor Vehicle act, did not constitute double or triple taxation, and that, as to the two privilege taxes, the one was on the use of the highway measured by the amount of gasoline consumed, and the other was based on the character and horse-power of the vehicle. We also held that there is no constitutional inhibition against more than one privilege or excise tax where the total does not exceed reasonable taxation for the privilege enjoyed.

In *Harder's Storage Co.* v. *City of Chicago, supra,* even though the storage company had paid a license fee as a teamster or carter, which occupation necessarily involved the use of vehicles, we sustained an ordinance requiring it to pay a license fee on each of its vehicles for the use of the city streets. It had also paid the general property tax, but we held there was no duplication of taxes. That case is diametrically opposed, in result, to the case of *City of Newport* v. *Fitzer,* 131 Ky. 544, 115 S. W. 742, relied on by appellants.

Our holding in *New York Central Railroad Co.* v. *Stevenson, supra,* was, in effect, that section 31 of the Public Utilities act repealed, by implication, so far as utility corporations were concerned, the provisions contained in the general Corporation act as to fees to be paid when stock was issued. In other words, a single fee of ten cents a share was to be paid and utility companies were not required to pay under both acts. In such a case, in order to sustain a

contrary holding, the legislative intent that there be double taxation is required to be plain and unmistakable. It should be noted, also, that in the last case, the purpose was identical in both acts,—that is, to require payment of a fee of ten cents per share. In the case before us we have pointed out that the taxes were entirely different. One is measured by the gross receipts and the other is a flat annual fee of $50. The purposes of these taxes are also different. One is purely for revenue and the other is a fee primarily intended to defray the cost. of administering the Liquor Control act.

The legislature has expressed its intention on the question here presented by providing in section 14 of the Retailers' Occupation Tax act that "the. tax herein imposed shall be in addition to all other occupation or privilege taxes imposed by the State of Illinois or by any municipal corporation or political subdivision thereof." There is no constitutional provision forbidding the enactment of both measures and there is nothing invalid about either of them. These two statutes are not inconsistent and both may be given effect.

For the reasons indicated, the decree of the circuit court of Cook county is affirmed.

*Decree affirmed.*