(No. 25578.— )
THOMAS J. AHERN *et al.* Appellants, *vs.* S. L. NUDELMAN
*et al.* Appellees.

*Opinion filed June 14, 1940—Rehearing denied October 9, 1940.*

JACOB STAGMAN, and MICHAEL M. PHILLIPS, (PHILIP
R. TOOMIN and BENJ. F. J. ODELL, of counsel,) for appellants.

JOHN E. CASSIDY, Attorney General, (LORING B. MOORE,
of counsel,) for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court.

The circuit court of Cook county dismissed a complaint
for injunction brought by Thomas J. Ahern against the
Director of Finance and others, which sought to enjoin enforcement of the Retailers' Occupation Tax act as against

appellant Ahern. The revenue is involved and the appeal is properly to this court.

Ahern is a funeral director and claims that the entire cost of a funeral constitutes a service, and though it includes the delivery of such articles as caskets, vaults and graveclothing, he does not sell such personal property for use or consumption, but that the same is necessarily used by him in the practice of funeral directing and embalming. The Department of Finance rule No. 8 applying to undertakers and funeral directors is as follows: "A funeral director or undertaker is engaged in the business of selling taxable personal property to consumers, including such articles as caskets, grave vaults and occasionally graveclothing and flowers. He is also engaged in the business of rendering services such as embalming and providing livery service and other equipment in the conducting of funerals. A funeral director is liable for tax measured only by the gross receipts from sales of tangible personal property. No tax applies on receipts from services which he renders such as those which are enumerated above." The rule also provides that the books must be kept so as to show the separate sources of receipts and clearly record the selling price of tangible property; and that the department will presume the retail price of the casket is not less than double that at which it was purchased and that the retail price of graveclothing and other tangible personal property will not be less than the retail price of like property as sold over the counter.

The sole question presented is whether the occupation of one who sells the tangible personal property, mentioned in rule No. 8, *supra*, used in a funeral, is taxable. The statute imposes a tax upon persons engaged in the business of selling tangible personal property at retail at the rate of three per cent on the gross receipts from such sales made in the course of business. (Ill. Rev. Stat. 1937, chap. 120, par. 440.) Section 1 of the act provides: " 'Sale at retail' means any transfer of the ownership of, or title to, tangible

personal property to the purchaser, for use or consumption and not for resale in any form as tangible personal property, for a valuable consideration." The tax is an occupation tax upon a class of vendors and is measured by the gross receipts from their sales. (*Reif* v. *Barrett*, 355 Ill. 104; *Herlihy Mid-Continent Co.* v. *Nudelman*, 367 id. 600.) It applies only to sellers and the sale made must be for use or consumption and not resale. (*Revzan* v. *Nudelman*, 370 Ill. 180.) If the thing sold is personal, professional or other service and not tangible property, the vendor does not fall within the class included by the statute. There are numerous cases in which the vendors were held to be non-taxable, all generally within two classes: First, where the article sold is not to be used or consumed by the purchaser, (*Bradley Supply Co.* v. *Ames*, 359 Ill. 162; *Marshall Co.* v. *Ames*, 373 id. 381;) second, where the personal property is furnished the user as incidental to a special service rendered. *Babcock* v. *Nudelman*, 367 Ill. 626; *Burgess Co.* v. *Ames*, 359 id. 427; *Adair Printing Co.* v. *Ames*, 364 id. 342.

It is clear that the present situation does not come within the first class of cases. The caskets are obtained from a wholesale house which sells to the funeral director, who pays the casket house when billed. The funeral director bills the casket and other items separately to the customer but includes in the price of the casket the entire charge for embalming and funeral service. In some instances there is a lump sum charged for the funeral, which includes everything. Where the casket is selected from the casket house by the relatives, the price quoted is that which the funeral director will charge, not what the casket house will receive, and generally the price quoted is from two to four times the funeral director's cost, depending upon whether the funeral charge is itemized or lumped. The funeral director, as retailer, disposes of it, together with services, to the family or estate of the deceased person. The transfer by the funeral director is not for resale but for a permanent use. (*Revzan* v. *Nudelman, supra.*) To come within the

second class of cases the sale of caskets and vaults must be incidental to the services of the funeral director in preparing the body for burial and rendering the other services required at the funeral.

It is to be observed that the rule of the Department of Finance does not make anything but such articles as caskets, grave vaults, clothing and flowers, taxable. It recognizes that the element of service in conducting a funeral is not taxable.

Appellants cite those cases where it has been held the transaction involved professional service or skill in which the transfer of tangible personal property was merely incidental, such as lenses and frames furnished by an optometrist, (*Babcock* v. *Nudelman, supra,*) printing service, (*Adair Printing Co.* v. *Ames, supra,*) commercial photography and photostatic service, (*Burgess Co.* v. *Ames, supra,*) medical and surgical supplies, (*Mallen Co.* v. *Department of Finance,* 372 Ill. 598.) These cases do not control. The distinction is apparent. In the cases just cited it was the skill or service that was bargained for and the property incidentally delivered had a value only as a result of such skill or service. There was no fixed or ascertainable relation between the value of the skill and the property to which the skill was applied to make it serviceable. In that respect such cases differ from the present one where the casket, vault or clothes always have a fixed or definitely ascertained price. In the case of caskets the wholesaler has a definite price which is used by the funeral director to fix a combined price for the property and service to his customer. The skill and service of the director does not enhance the value of the casket or render it more or less suitable for its purpose. On the contrary, it serves the opposite purpose of fixing the selling price of the service by having such cost included in the augmented selling price of the casket. None of the cases cited by appellants goes so far as to hold that identified articles of tangible personal property pro-

cured from a wholesaler for resale and transferred in the same form by a retailer for use or consumption, render the latter non-taxable merely because service is rendered in connection with the resale, which does not in any manner change the tangible character of the goods transferred.

The Retailers' Occupation Tax act must be given practical and common sense application. In the instant case, the funeral director transfers for use a casket as a tangible article of personal property, and also sells service incidental to the use of the casket. Rule No. 8 of the Department of Finance recognizes there is service rendered and also personal property sold, and we are of the opinion that the rule, in this respect, is reasonable and in accordance with the intent of the law.

The contention is also made that the Retailers' Occupation Tax act was not intended to include licensed professions or services. The act concerning funeral directors and embalmers, (Ill. Rev. Stat. 1939, chap. 111½, pars. 73.1 to 73.31, incl.) discloses it has reference only to the service features rendered by funeral directors. It is confined entirely to regulation of the acts of funeral directors or embalmers as related to their business of taking care of dead human bodies preparatory to burial. (Ill. Rev. Stat. 1939, chap. 111½, pars. 73.2 to 73.11.) This statute does not regulate in any manner the selling, purchasing or using of caskets, vaults, graveclothes, flowers and like tangible personal property.

In *Bardon* v. *Nudelman*, 369 Ill. 214, it was urged that the liquor business should not be made subject to the occupation tax because it was a licensed business. It was held, however, that the Liquor Control act was the proper exercise of the police power under which licenses were properly required and the qualifications of licensees specified. The act in relation to funeral directors purports to have been enacted in the interests of public health which is a branch of the police power. None of the cases cited by ap-

pellants holds that the requiring of an examination and the obtaining of a license, requires that everything done by such licensee be considered a professional service. The fact that the part of appellants' business under regulation of law affords a convenient method for the sale of tangible personal property, does not render that part of their occupation immune from paying a tax upon the tangible personal property transferred for use or consumption. It is only the part represented by service or skill that is not subject to the tax.

We are of the opinion that the rule of the Department of Finance is not invalid on the grounds urged by appellants, and the order of the circuit court of Cook county is affirmed.

*Order affirmed.*