CHIEF JUSTICE PETERS
delivered the opinion op the court:
The appellees brought this action in the court below to recover of appellant five hundred and twenty-one dollars and fifty cents, which they allege appellant assessed and collected as taxes on bonds held by them as residuary estate of their testator, without lawful authority to do so, and which they paid in ignorance of their rights.
Appellees’ right to recover was controverted in the answer. By agreement of the parties, the law and facts were submitted to the court' without the intervention of a jury, and the following question submitted for judicial determination : Had the city council the lawful right and power to assess and collect a tax on the bonds held by appellees? And, for the purpose of obtaining a decision of the question, the following facts were agreed: That the ordinance was passed and approved, and the assessment was made, with all due formality; that plaintiffs below paid the taxes, as alleged in the petition; and, if the city council had no lawful authority to impose the tax, then plaintiffs paid them in ignorance of their rights.
Judgment was rendered in the court below in favor of appellees for the amount claimed, and the city has appealed.
*383 The appellant claims the right to levy and collect the tax under and by virtue of an ordinance passed by the city council under the authority of section 1, article 6, of the act of the Legislature incorporating the city of Louisville, approved 24f/¿ March, 1851, which is as follows: “The general council shall have power, annually, at such time or times, and of such day or days, and in such manner as they may direct, to cause to be assessed at its cash value such real and personal estate and slaves within the city of Louisville as the said council may designate.”
The power granted to the city council of Louisville in the foregoing section of its charter is substantially the same as is granted to the cities of Lexington and Covington in the acts incorporating them, and upon which the question involved in this issue arose in the case of Johnson vs. City of Lexington (14 B. M., 648) and City of Covington vs. Powell (2 Met., 228).
In the former case, after an elaborate argument by able counsel, this court, in a well-considered opinion, decided that the power “to assess, levy, and collect taxes on such real and personal estate as they may designate,” did not embrace money, debts, and choses in action belonging to the inhabitants of the city. In the latter case the same construction was put upon a like provision in the charter of the city of Covington, and both the reasoning and conclusion of the court in the former case approved. We must therefore regard the question as concluded by two adjudications of this court. But if it were an original question, we are aware of no principle and see no reason for a different conclusion.
We are therefore of the opinion that the assessment was without legal authority.
It is admitted that the money was paid by appellees by mistake and in ignorance of their rights; and no princi *384 pie is more conclusively settled in this State than that, where money has been paid through a clear and palpable mistake of law or fact, essentially affecting the rights of the parties, which in law, honor, or conscience, was not due and payable, and which ought not to be retained by the party to whom it was paid, it may be recovered back. (2 Met., 228, and authorities cited.)
Wherefore, the judgment is affirmed.