CASE 36—PETITION IN EQUITY—APRIL 30.

# City of Lebanon v. Edmonds.

### APPEAL FROM MARION CIRCUIT COURT.

1. MUNICIPAL TAXATION OF FARMING LANDS.—The property sought to be exempted from municipal taxes not having been used for farming purposes, but having been designed and improved merely as a private residence, as is manifested by the elaborate improvements put thereon, and having been regularly brought into the corporate limits, is subject to municipal taxation; and the fact that its owner does not have his full measure of benefits and advantages from the municipal government is not the fault of the law, as the owner has his legal remedy against the municipal government.

2. ESTOPPEL.—The appellant having united with others in petitioning the General Assembly to pass an act extending the city boundary so as to include the land in question, is estopped to allege that the proposed tax is taking his property for public use without compensation.

H. W. RIVES FOR APPELLANT.

1. The extension of a local government to a new boundary, is an act of legislative discretion that can not be reviewed by the courts, whatever abuse or apparent injustice may be the consequence. The remedy is by appeal to the legislature unless the complainant can rest his case upon some prohibition of, or right secured by, the Constitution. Cheaney v. Hooser, 9 B. M., 337; Elkton v. Gill, 94 Ky., 138; Swift v. Newberry 7 Bush, 37; Sharp v. Donovan, 17 B. M., 223; Pineville v. Greech, 16 Ky. Law Rept., 172; Henderson Bridge Co. v. City of Henderson, 90 Ky., 498; Louisville Bridge Co. v. City of Louisville, 81 Ky., 189; Eifort v. Covington, 91 Ky., 194; Maltus v. Shields, 2 Met., 553; Covington v. Southgate, 15 B. M., 491; Courtney v. Louisville, 12 Bush, 419.

2. Appellee is estopped from claiming that the extension of the limits is unconstitutional, for he not only united in securing it, but actually by petition assisted in procuring the passage of the act. Covington v. Southgate, 15 B. M., 496; Eifort v. Central Covington, 91 Ky., 198; Baker v. Brannen, 40 Amer. Dec., 383; Furgeson v. Landren, 5 Bush, 241.

City of Lebanon v. Edmonds.

W. J. LISLE FOR APPELLEE.

1. The evidence shows that appellee receives no benefits or protection from the municipal government, and that his property is so situated that the fact that it is within the corporate limits is of no value to him, or it; his property has never been divided into town lots and is principally used for pasturing purposes; under such circumstances he receives no compensation for the taxes demanded of him. Eifort v. Central Covington, 91 Ky., 174; Covington v. Southgate, 15 B. M., 591; Parkland v. Gaines, 88 Ky., 567; Elkton v. Gill, 14 Ky. Law Rept., 755.
2. This action was begun prior to the adoption of the present law dividing the cities of this State into classes, and the tax question is regulated by the charter of the City of Lebanon theretofore existing, which charter provides that nothing in it shall be construed as conferring upon the trustees of the town the right to impose taxes upon lands within its limits, which are used for agricultural purposes.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellee brought this action to enjoin collection of taxes levied upon a lot of land in support of the government of the city of Lebanon.

The lot is within the corporate limits established by statute of 1890; consists of about eight acres; upon it is a residence and other buildings; two of the eight acres are used for a lawn, garden, fruit trees, etc.; the residue being used as pasture for his carriage horses and milch cows, and the whole is worth about $6,000.

Appellee has for twenty-two years resided on the lot, doing business as a merchant in the city of Lebanon. And the land has not during that period been used for farming purposes, but manifestly was designed and improved merely as a private residence, convenient and accessible to the business of appellee, carried on near center of the city. That fact is manifested by the elaborate improvements put

upon the land, altogether out of proportion to the actual value of it for farming purposes.

In front of his residence is a street, and, as a resident and a taxpayer, he is entitled to share all the advantages and benefits incident to an organized municipal government, such as protection by police and against fire, lights, gas, etc. Whether he does actually have a full measure of such benefits and advantages is not a pertinent inquiry in determining the validity of the statute extending the city boundary, because if he is denied his due share, having a legal right thereto, the fault is not the statute, but of those who control the municipal government against whom he has the same remedy as any other wronged taxpayer.

That the advantages and benefits of the municipal government, if fairly and properly dispensed, will compensate appellee for the burden of taxation he is required to bear, is not an open question; for he, by uniting as he did with others in petitioning the general assembly to pass the act of 1890 extending the city boundary so as to include the lot in question, is estopped to now allege the proposed taxation is taking his property for public use without compensation. And if such be not the case the courts have no power to interfere.

Wherefore, the judgment is reversed and case remanded for the injunction to be dissolved and further proceedings consistent with this opinion.