CASE 73—PETITION ORDINARY—DECEMBER 14

102    459
126    529

# Bruner v. Town of Stanton.

APPEAL FROM POWELL CIRCUIT COURT.

1. RECOVERY OF LICENSE TAX PAID UNDER VOID ORDINANCE—MISTAKE OF LAW.—Money paid to a municipality as a license tax under a void ordinance, in good faith, under a mistaken belief that the ordinance was valid and enforcible, may be recovered back.

C. B. HANCOCK FOR APPELLANT.

1. A municipality being purely a creature of statute can not impose a license tax unless it is expressly authorized so to do by the legislature, and even when this authority is given, the power to license can not be extended beyond the terms of the municipal charter. 13 Am. & Eng. Ency. of Law, pages 529-530, and note on page 531; Commonwealth v. Voorhies, 12 B. M., 361.

2. Such authority can not be implied from a provision in the charter giving the town trustees the power in a general way to pass such by-laws as may in their judgment be necessary for the good government and well being of the town. St. Louis v. Bell Telephone Co., 96 Mo., 623; New Orleans v. Great Southern Telephone Co., 40 La., An., 41; Millerstown v. Bell, 123 Pa. State, 151; St. Louis v. Groom, 46 Mo., 574.

3. Where money has been paid through a clear and palpable mistake of either law or fact essentially bearing upon or affecting the contract, which can not in honor or good conscience be retained, it may be recovered back. Gratz v. Reed, 4 B. M., 190; Ray & Thornton v. Bank of Kentucky, 3 B. M., 514; City of Covington v. Powell, 2d Met., 226; City of Louisville v. Henning. & Speed, 1st Bush, 383.

ATKINSON & SPENCER AND O. A. LYLE FOR APPELLEE.

1. Money paid by a person with a full knowledge of the circumstances, or with the means of such knowledge at hand, can not be recovered back because such payment was made in ignorance of the law. Adams' Equity, page 189.

2. There is no allegation that it was within the power of the town to compel the appellant to pay the license fee, or that it did compel him to pay it, and he having voluntarily paid the same, and having transacted business under the license, can not now recover back the same. City of Louisville v. Anderson, 79 Ky., 334; Tyler, &c. v. Smith, 18 B. M., 793.

3. By the charter of the town the trustees were empowered to pass such by-laws as in their judgment were necessary for the good government and well being of the town which were not in conflict with the Constitution of the United States, or of Kentucky; and the ordinance passed not being in conflict with either of those instruments was valid.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

In June, 1891, appellant procured a State license to sell spirituous, vinous and malt liquors in the town of Stanton, and was about to commence business when the trustees of the town for the first time adopted an ordinance requiring a license fee of $250 to be paid the town before such business could be carried on. Admittedly the trustees under the town charter then in force, or in virtue of any general law, were without authority to impose such a tax, or any license tax on such business, but they, as well as the appellant, were of the belief they had such authority, and confessedly the board in imposing the tax, and the appellant in paying it, as he did do, acted in good faith under the mistaken belief that the ordinance was valid and enforcible.

The sole question here is, may the appellant, under these circumstances recover the money back from the town? Clearly if he had paid it with full knowledge of all the facts, or with notice that the ordinance was invalid, he could not recover. In such event he could, as said in City of Louisville

v. Anderson, 79 Kentucky, 344, have "refused to pay the money or could have tested the validity of the ordinance without subjecting himself to a penalty, or could have at least refrained from selling his liquor or goods." He had no such notice, however, and had the right to assume, as he did assume, that the town trustees but exercised their lawful authority when they passed the ordinance, and were about to enforce the collection of the tax imposed.

As said in the case quoted, "he is not presumed to know more than those who constitute the legislative and executive departments of the government under which he lives, whether State or municipal." It has been held that even where the licensee knew the tax imposed was illegal and paid it, yet if there were circumstances of oppression connected with the transaction the money, beyond the amount authorized to be collected, might be recovered. (Bruner ·v. Clay City, 100 Ky., 567.)

In Fecheimer Bros. & Co. v. City of Louisville, 84 Ky., 306, an ordinance "to license sample dealers" was declared to be invalid, and money paid by such dealers "under a mistaken belief as to the validity of the ordinance, and because they had no practical mode at the time of the demand for resisting its payment," was directed to be paid back by the city.

In Trustees of the Town of Stanford v. Hite, 2 Ky. Law Rep., 386, it was held that "where a party has paid money to the trustees of a town for any privilege, and the ordinance imposing the burden is void, he is entitled to recover back the amount thus paid, if paid under the belief that the burden was lawfully imposed."

The general rule is well settled and is alike applicable to transactions between an individual and a municipality as between individuals alone, that where money has been paid through a clear and palpable mistake of law or fact, essentially affecting the right of the parties, which in law, honor or conscience was not due and payable, and which ought not to be retained by the party to whom it is paid, it may be recovered back. (City of Covington v. Powell, 2 Met., 228; City of Louisville v. Henning, 1 Bush, 381.)

We think the demurrer to the petition should, therefore, have been overruled, though under the second paragraph no recovery can be had because at the time the money is alleged to have been paid, namely, June 5, 1893, the town authorities were authorized to enforce the collection complained of.

Judgment reversed for proceedings consistent with this opinion.