## Polites v. Barlin.

(Decided September 19, 1912.)

### Appeal from Fayette Circuit Court.

1. Payment by Mistake—Recovery.—Where money has been paid through a clear and palpable mistake of law or fact, essentially affecting the rights of the parties, which in law, honor or good conscience was not due or payable, and which ought not to be retained by the party to whom it was paid, it may be recovered.
2. Pleading—Sufficiency of Demurrer.—An amended petition by an employee against his employer, alleging that he had received tips which were paid to him as personal gifts, and which were his property, and which he, by mistake, turned over to his employer, and that the tips so received amounted to $2.00 a week, or $100 a year, and in all $575, is sufficiently definite to be good on demurrer.

RIVES & SHANNON for appellant.

GEORGE C. WEBB, WM. E. NICHOLS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Appellee, Martin Barlin, conducted a shoe-shining parlor in the city of Lexington. Appellant, Thomas Polites, when but fifteen years of age, was employed by appellee to shine shoes and clean hats. He worked for appellee about five years and ten months. He brought this action to recover balance due him for services, and also to recover the sum of $575, which he alleged had been paid to him as tips, and by mistake deposited by him in the cash register to the credit of appellee. That part of the action relating to appellant's claim for services was tried below, and there is no appeal from the judgment. To the petition as amended, seeking to recover the sum of $575 paid to appellant as tips and by mistake turned over to appellee, the trial court sustained a demurrer and dismissed the amended petition.

The sole question involved on this appeal is whether

or not the amended petition and the several amendments thereto state a cause of action.

In the original amended petition, it was alleged in substance that it was the habit of the people who came into appellee's place of business to have their shoes shined or their hats cleaned, to give the particular employee who did the work a donation of money, commonly called a tip, which was a personal gift to the employee, in addition to the price charged by appellee for the work done; that appellee would not allow appellant to retain any of the money given him as tips, but required him to deposit same in the register along with the regular fee charged for the work; that all the money thus given to the appellant was so deposited, and appellant never received any part of same; that from the time appellant went to work for appellee on February 2, 1905, until he quit work on November 12, 1910, appellant received in tips an average of $2.00 a week, or $100 a year; that during all of said time he received in tips or donations the sum of $575, all of which he turned over to appellee, and appellee still holds the same, and refuses to pay appellant any part of same.

Subsequently, appellant filed an amended petition, in the second paragraph of which he pleaded in substance that during the time he worked for appellee there were often given to him by the customers small donations commonly called tips, which were given and intended as personal gifts to him, and were given in addition to the regular charge for the services rendered by appellee; that he believed at the time these tips were given to him that they belonged to appellee, and that he was bound to give them to appellee, and had no right to keep them himself; that he promptly paid them over to appellee at the time they were given him, and he still believed that they were appellee's property and not his; that since the payment of these tips to appellee, he learned that they belonged to him and not to appellee, and he paid them to appellee by mistake, and under a misapprehension as to his right to them at the time of payment; that during the time he worked for appellee he received and paid to him in the manner above set out, tips as aforesaid in the amount of $575; that appellee has never returned the same, or any part thereof, to him.

Later on, appellant filed an amendment to the second

paragraph of his amended petition, alleging in sub-stance that the tips which he received, as set out in the amended petition, were deposited by him in the cash register, or box, which appellee kept in his place of bus-iness, and in which the regular fees for services were deposited, and that said tips were placed to appellee's credit in the bank along with said other money. These tips were placed by appellant in said bank along with the other money, because he understood that appellee required him to do so, but that he had since learned from the verified answer of appellee that appellee did not require him to do so, and that appellant had the right to retain all moneys so received by him; that ap-pellee did not know appellant had deposited any of the money which he had received as tips, but believed that appellant had retained it for himself. When appellant was employed, he was not told by appellee to deposit the tips received by him, and it was not his duty to do so under his employment; that he gave the money to ap-pellee by mistake, thinking at the time that he was re-quired to do so, when, as a matter of fact, such was not the case.

It clearly appears from the amended petition and the several amendments thereto that the money which ap-pellant received as tips was a personal gift to him, and he, and not appellee, was entitled to receive it; that ap-pellant, by mistake and through a misapprehension as to his rights, turned the money over to appellee. If this be true, he is entitled to recover; for it is well settled in this State that where money has been paid through a clear and palpable mistake of law or fact, essentially affecting the rights of the parties, which in law, honor or good conscience was not due or payable, and which ought not to be retained by the party to whom it was paid, it may be recovered. City of Louisville v. Henning & Speed, 64 Ky., 381; McMurtry v. Central R. R. Co., 84 Ky., 464; Underwood v. Brockman, &c., 4 Dana, 310; Ray v. Bank of Kentucky, 3 B. M., 513; City of Coving-ton v. Powell, 2 Metc., 228.

But it is insisted that the allegations of the amended petition are too indefinite. We do not think so. Appel-lant alleges that he received on an average of $2.00 a week, or $100 a year, and that during the five years and ten months he worked for appellee he received altogether $575. These allegations are sufficient to make the

amended petition good on demurrer. Whether or not appellant will be able to sustain them by competent evidence is another question. Upon the facts stated, he is entitled to have his claims submitted to a jury. Of course, if the question of tips was considered by the jury in reaching a conclusion as to the amount due appellant for his services, this is a defense which should be presented by proper pleading.

For the reasons given, the judgment is reversed, with directions to overrule appellee's demurrer to the second paragraph of the amended petition as amended.