## Spalding, et al. v. City of Lebanon.

(Decided November 21, 1913).

### Appeal from Marion Circuit Court.

1. Municipal Corporations.—A city council can only speak by its records.

2. Municipal Corporations—Licenses—Ordinances—Yea and Nay Vote—Parol Evidence Incompetent to Show Facts of.—Where a

city charter provided that no ordinance for the establishment of any license should be valid unless the yeas and nays thereon were recorded in the journal of the proceedings of the council, and the journal failed to show that the yeas and nays were taken, or that the ordinance was passed, parol evidence was inadmissible to show those facts.

3. Action—Action to Recover Money Paid by Mistake.—Where money has been paid through a clear and palpable mistake of law or fact, essentially affecting the rights of the parties, which, in law, honor or conscience, was not due and payable, and which ought not to be retained by the parties to whom it was paid, it may be recovered.

4. Taxes—Action to Recover Illegal Taxes Voluntarily Paid—Rule as to.—Illegal taxes paid voluntarily cannot be recovered; but if they are paid under compulsion, which exists whenever they are collectible by summary process of fine and imprisonment, they come within the general rule, and may be recovered.

5. Taxes—Illegal Taxes Voluntarily Paid—Coercion or Duress.—The coercion or duress which will render a payment of taxes involuntary, must, in general, consist of some actual or threatened exercise of power possessed, or believed to be possessed, by the party exacting or receiving the payment, over the person or property of another, from which the latter has no other means or reasonable means of immediate relief, except by making payment.

6. Licenses—Paid Under Invalid Ordinance—Recovery.—A license fee to sell soft drinks, paid under an invalid city ordinance, may be recovered.

WILLIAM W. SPALDING for appellants.

CHAS. C. BOLDRICK and H. W. RIVES for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

Prior to April 5th, 1910, the appellants, who were druggists in the city of Lebanon, a city of the fourth class, were engaged in selling "soft" drinks as a part of their business. On the date named, at the solicitation of a number of persons who were then engaged in that business, or who desired to engage in it, in Lebanon, the Board of Councilmen adopted an ordinance providing for licensing the sale of soft drinks in the city of Lebanon, fixing the license fee at $200.00 per annum, payable quarterly.

The petition alleges that the appellants joined in the petition for the passage of the ordinance, but the evidence fails to sustain the allegation.

Appellants obtained the required license, and continued to do business thereunder for eighteen months,

during which period they paid license fees aggregating $300.00.

On September 12th, 1912, appellants brought this action against the city of Lebanon to recover said $300.00, upon the ground that it had been paid through mistake, and collected without authority of law.

The want of authority upon the part of the city to collect the license fee appeared, for the first time, shortly before the action was brought, when appellants discovered that the ordinance of April 6th, 1910, was void, because the yeas and nays of the vote upon its adoption had not been recorded in the journal of the proceedings of the board of council.

Section 3489 of the Kentucky Statutes, which is a part of the charter of cities of the fourth class, reads as follows:

"No ordinance for the improvement of the streets or sidewalks, or for the assessment of any tax, or for the establishment of any license, shall be valid unless the yeas and nays thereon be recorded in the journal of proceedings. Any member of the board of council may call the yeas and nays on any vote."

The journal of the council contains only the ordinance spread in full upon its records; it contains no record of any vote or any action or proceeding taken thereon, although it was shown by parol evidence, over the appellants' objection, that the ordinance passed by a unanimous vote, and was signed by the Mayor and regularly published in a newspaper, as required by law.

It is conceded, however, that no record was ever made of the passage of the ordinance, nor were the yeas and nays of any vote thereon recorded in the journal of the proceedings as required by the statute.

The petition proceeds upon the theory that the plaintiffs believed the ordinance had been validly and regularly enacted, and that the defendant had the right to exact from plaintiffs the $300.00 which they paid as a license fee, and that they paid said sum in ignorance of the fact that the ordinance had never been legally passed, and under the erroneous belief that the ordinance was valid.

The answer alleges that the ordinance was properly passed, but that the clerk of the board of council by oversight and clerical misprision, omitted to enter upon the journal of the board the yea and nay vote that had really been taken, and that, in fact, every councilman

had voted for the passage of the ordinance. It further alleges that the plaintiffs received the benefits and protection to their business by virtue of the penalties prescribed in said ordinance; and having received the full consideration for the license fees paid by them, and having made those payments freely and voluntarily, without any duress or force upon the part of the city, they are estopped from now demanding their repayment.

The circuit court took the defendant's view of the case, and plaintiffs appeal.

Section 7 of the ordinance provided a fine of $5.00 for any person who should violate its provisions by selling soft drinks without the license; and, on one occasion the plaintiffs having failed to pay the quarterly installment of their license when due, one of them was arrested, and upon his pleading guilty, a fine of $5.00 was assessed against him, and paid.

The first error assigned by the appellants is the ruling of the court in admitting parol testimony to prove the passage of the ordinance. It is a general rule that the official actions of a city council can be shown only by its records, whenever evidence of those acts is demanded in another tribunal. If it were permitted to enlarge or restrict the record evidence by parol testimony, the entries in the journal would be uncertain and unreliable, and would fail to afford any evidence that could be depended upon to show the actual proceedings of a city council at any of its meetings.

In considering the question whether a municipality can supply omissions from its records by parol evidence, this court used the following language in Dunn v. City of Cadiz, 140 Ky., 217:

"Appellee's charter provides for the appointment of a city clerk for a term of two years. (Ky. Stats., sec. 3619.) It is made the duty of the city clerk to keep a true, full record of all the proceedings of the city council. (Ky. Stats., sec. 3627). The Legislature, having provided appellee with a clerk and having made it his duty to keep a true record of the proceedings of the general council, we conclude that the city of Cadiz can speak only by its record. Any other rule would be to substitute for the record the uncertain memory of the witnesses."

City of Covington v. Ludlow, 1 Met., 295; L., St. L. & T. R. R. Co. v. Newsome, 13 Ky. L. R., 174; Barfield v. Gleason, 111 Ky., 491; Town of Mt. Pleasant v. Ever-

sole, 29 Ky. L. R., 830, 96 S. W., 478, support the rule that a municipal council can speak only by its records.

In the Eversole case above cited, the court said:

"A city council can only speak by its records. When its records are read and signed it is the only evidence of the action taken by the council at that time."

This doctrine prevails generally.

See McQuillin's Municipal Ordinances, sec. 129.

The circuit judge erred in admitting parol evidence to show the passage of the ordinance; and it not having been adopted as required by the statute, it was invalid.

Were these payments made under a mistake of law and fact, and under circumstances which made them involuntary?

The rule in most jurisdictions is, that money paid under a mistake of fact can be recovered, but money paid under a mistake of law cannot be recovered. But to this general rule the decisions of this court form an exception, since it has long been settled in this State that money paid under a mistake of law may be recovered. And since one is much more inclined to make a mistake of law than a mistake of fact, the wisdom of the Kentucky rule would seem apparent to every one. One of the modifications to this Kentucky rule, however, is, that illegal taxes paid voluntarily may not be recovered, but if they are paid under compulsion which exists whenever they are collectible by summary process of fine and imprisonment, they come within the general rule and may be recovered. When taxes can be collected by suit only, and are voluntarily paid, an action to recover them cannot be maintained. L. & N. R. R. Co. v. Hopkins, 87 Ky., 605; L. & N. R. R. Co. v. Commonwealth, 89 Ky., 539; German Security Bank v. Coulter, 112 Ky., 577.

The rule is formulated by Dillon in his work on Municipal Corporations, 4th Edition, sec. 490, as follows:

"Actions against a municipal corporation to recover back money upon the ground of the illegality of the tax or assessment are, upon principle and the weight of authority, maintainable when, and in general only when (if there be no statute enlarging the liability) the following requisites coexist: (1) The authority to levy the tax, or to levy it upon the property in question, must be wholly wanting, or the tax itself wholly unauthorized, in which cases the assessment is not simply irregular, but absolutely void; (2) the money sued for must have been

actually received by the defendant corporation, and received by it for its own use, and not as an agent or instrument to assess and collect money for the benefit of the State, or other public corporation or person; and (3) the payment by the plaintiff must have been made upon compulsion, as for example, to prevent the immediate seizure of his goods or the arrest of the person, and not voluntarily. Unless these conditions concur, paying under protest will not without statutory aid, give a right of recovery. The same principles are applicable to actions for the recovery back of money paid for illegal license taxes or fines imposed by a municipal court.''

And, in defining compulsory payment, Dillon, in sec. 943, says:

''The coercion or duress which will render a payment of taxes involuntary must in general consist of some actual or threatened exercise of power possessed, or believed to be possessed, by the party exacting or receiving the payment, over the person or property of another, from which the latter has no other means or reasonable means of immediate relief except by making payment.''

All the requisites of a compulsory payment appear in this case; and the judgment must be reversed unless something in the facts of this case take it out of the rule thus announced.

In Fecheimer Bros. v. City of Louisville, 84 Ky., 307, the appellants paid a license tax under an invalid ordinance, which provided a fine for each violation thereof; and we held the city had obtained appellants' money, to which it was not entitled, under a mistaken view as to the validity of the ordinance, and that appellants were entitled to recover it.

See, also, City of Newport v. Ringo's Extx., 87 Ky., 637.

Many of the cases were reviewed in Bruner v. The Town of Stanton, 102 Ky., 459. In that case Bruner paid the town $250.00 as license fees under an invalid ordinance, but in good faith, and under the mistaken belief that the ordinance was valid and enforceable. It will be noticed that the Bruner case was, in all its essential features, the same in principle as the case at bar. After reviewing the cases, the court, in the Bruner case, concluded as follows:

''The general rule is well settled and is alike applicable to transactions between an individual and a municipality as between individuals alone, that where money has been paid through a clear and palpable mistake of

law or fact, essentially affecting the right of the parties, which in law, honor or conscience was not due and payable, and which ought not to be retained by the party to whom it is paid, it may be recovered back. (City of Covington v. Powell, 2 Met., 228; City of Louisville v. Henning, 1 Bush, 381.)''

The Fecheimer case, and the Bruner case, were followed in Bergmeyer v. Greenup County, 19 Ky. L. Rep., 1599, 44 S. W., 82.

See, also, Board of Council of Harrodsburg v. Renfro, 22 Ky. L. R., 806, 58 S. W., 795; Board of Trustees v. Board of Education, 25 Ky. L. R., 342, 75 S. W., 225; Bruner v. Clay City, 100 Ky., 567; and City of Mt, Sterling v. King, 126 Ky., 526.

Appellee relies, however, upon Scott v. Board of Trustees of the Town of New Castle, 132 Ky., 616, as conclusively sustaining the judgment of the circuit court. We do not, however, so regard it. In that case the town of New Castle refused to renew Scott's liquor license because the town had voted against the sale of liquor within its corporate limits; whereupon Scott instituted a suit against the town council to compel it, by mandamus, to grant his application for a license; and the circuit court having granted the mandamus, the board issued the license and collected from Scott the regular license fee of $500.00. Upon an appeal, however, to this court, the decision of the circuit court was reversed; but, pending the appeal, Scott had conducted his saloon from January 16th, 1907, until May 3rd, 1907 —a period of 107 days, for which his license amounted to $146.60. Scott thereupon brought his action to recover the remaining $353.40 which he had paid for his license, upon the theory that that portion of the license was unearned by the town, and had been paid by him to its trustees without consideration, and under a mistake of law. This court sustained Scott's contention, and permitted him to recover the unearned portion of the fee, upon the theory that he had exercised the privilege under the license for 107 days, and to that extent he had received a full consideration of $146.60, but as to the remaining $353.40, the consideration therefor had wholly failed.

It is claimed the effect of the opinion was to hold Scott liable for the time he conducted his saloon under the invalid license, and it is sought to maintain the judgment in the case at bar upon that theory, and because ap-

pellants exercised the privilege under the ordinance for which they paid their money.

A marked distinction, however, exists between the Scott case and the case at bar. In the Scott case, Scott operated solely by virtue of the license; he could not have engaged in the saloon business without the license. The license had protected him for 107 days, and for that time and to that extent Scott did not ask a return of his license fee. Having forced the board to grant him a license, he could not question its validity for the time he used it. In the case at bar, however, appellants had the right to sell soft drinks in the absence of an ordinance; and the ordinance being invalid, it gave them no protection whatever. That being true, their license fee was paid under a palpable mistake of law, and without consideration, and is recoverable.

Judgment reversed and cause remanded for further proceedings consistent with this opinion.