## City of Lebanon v. Humkey, et al.

(Decided December 8, 1914.)

Appeal from Marion Circuit Court.

1. Municipal Corporations—Void Ordinance—Money Paid Under May Be Recovered.—License taxes exacted by a city under a void ordinance may be recovered back.

2. Estoppel.—A party who requested a city council to enact an ordinance imposing a license tax on dealers in soft drinks is not

estopped to recover back the tax so paid upon discovery that the ordinance was void, as the ordinance did not confer any benefit or afford any protection.

C. C. BOLDRICK and H. W. RIVES for appellant.

WM. W. SPALDING and P. K. McELROY for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The identical question presented by this record was before us in the case of Spalding v. City of Lebanon, 156 Ky., 37. In that case, as appears from the opinion, on April 5, 1910, the Board of Council of the city of Lebanon attempted to enact an ordinance imposing a license tax of two hundred dollars per annum on dealers in soft drinks. Under this ordinance Spalding paid to the city the license tax enacted by the ordinance for the time he remained in business. After this he discovered that the ordinance was void, and thereupon brought suit to recover the license tax he had paid, and it was held that he was entitled to a judgment for the amount claimed.

In the case we have the appellee, also a dealer in soft drinks, paid to the city, under the same ordinance, four hundred dollars, and, upon discovering that the ordinance was void, brought this suit to recover what he had paid, and from a judgment in his behalf the city appeals.

Under the authority of the Spalding case, and adopting the views therein expressed as conclusive of the question arising on this record, we might well close the opinion by affirming the judgment. In deference, however, to the urgent insistence of counsel for the city that this record presents a question not involved in the Spalding case sufficient to defeat the action brought by the appellees, we will briefly respond to the argument of counsel, which is based on the ground that the appellees are estopped to maintain the action.

It was averred in the answer of the city, to which a demurrer was sustained, that the ordinance in question was enacted at the request of appellees, who were present when it was adopted by the council, and, this being so, they are estopped to attack its validity, especially in view of the fact that they have enjoyed the benefits conferred by the ordinance and received the protection it afforded during the time they paid the license tax sought to be recovered.

The fundamental error in this argument is that the ordinance did not confer any benefits or privileges on

the appellees, nor did it afford them any protection. At the time of the attempted enactment of the ordinance the appellees were engaged in the sale of soft drinks in the city of Lebanon, and, until this ordinance, were not required to pay the city any license tax for conducting their business; so that, except for this ordinance, they could have continued to sell soft drinks without being subjected to any license tax during the time they paid the license tax under the ordinance. The city had no authority, except by virtue of a valid ordinance, to collect the tax appellees paid; but, notwithstanding this, it exacted and appellees paid, under a void ordinance, the tax. The ordinance being void did not confer upon them any benefit or privilege or afford them any protection. The fact that they requested the passage of the ordinance, and were present when this ordinance was attempted to be adopted by the council, does not amount to an estoppel, because they requested the adoption of a valid ordinance, an ordinance that would confer some benefit or privilege that could not be enjoyed in its absence and that would afford protection to persons availing themselves of its advantages by paying the license tax imposed.

The enactment of the ordinance was wholly within the control and power of the city council, and although it attempted to, and doubtless believed that it had, enacted a valid ordinance, it develops that it did nothing of the kind, and, in fact, did not enact any ordinance. This being so, the situation is precisely the same as if the city authorities, without having attempted to enact an ordinance, had demanded and collected from appellees, without any authority, the license tax paid under this void ordinance.

In City of Covington v. Sclossar, 141 Ky., 838, the question arose as to whether property owners were estopped to question the validity of assessments. In answering this defense we said:

"The power to make these assessments is granted alone by the statute, and by its terms alone the validity of the amount that may be charged against the property is to be determined. No question of estoppel can be brought into a case like this. A property owner cannot be estopped by his acts or conduct from objecting to the collection of assessments that are made in excess of the authority to make them. The excess assessment is void from the beginning. Or, to put it in a better way, there could be no assessment for the excess, and so the prop-

erty owner could not be estopped from contesting the validity of a void act. Thomas v. Woods, 128 Ky., 555; City of Lexington v. Walby, 109 S. W., 299.''

In Elliott v. Burke, 113 Ky., 479, it was insisted that persons contesting an election were estopped by their participation from contesting it, but we said: ''Nor do we think that a party by consenting or participating in a void election, deprives himself of his right to dispute its validity. A few men, or even the entire public, cannot make valid an election held in direct violation of a mandatory statute.'' To the same effect is Doody v. Bowman, 142 Ky., 153.

We are referred by counsel for the city to the case of the Town of Providence v. Shackelford, 20 Ky. L. R., 1921, as announcing a view of the doctrine of estoppel that would defeat the recovery of the license tax in this case. But in that case it was expressly held that, by virtue of the act assailed, which was valid, the parties attacking it were protected in the conduct of their business.

We are also referred to City of Lebanon v. Edmonds, 101 Ky., 216. In that case Edmonds brought suit to enjoin the collection of taxes levied upon land that previous to the passage of the act extending the city boundaries so as to embrace this land, had not been subject to taxation. In holding that Edmonds was estopped to attack the validity of the act on the ground that he received no benefits or protection from the city government, the court said:

''By uniting as he did with others in petitioning the General Assembly to pass the act of 1890, extending the city's boundary so as to include the lot in question, he is estopped to now allege that the proposed taxation is taking his property for public use without compensation.'' It will thus be seen that in that case Edmonds was only held to be estopped from challenging a valid act, the passage of which he had aided in securing. A similar question was presented in Ferguson v. Landram, 5 Bush, 230, in which the doctrine of estoppel was applied, as well as in Hoertz v. Jefferson Southern Pond Draining Co., 119 Ky., 824.

The judgment is affirmed. Whole court sitting, Judges Hannah and Nunn dissenting.

### DISSENTING OPINION BY JUDGE HANNAH.

The court, in its opinion, holds that this case is controlled by that of Spalding v. City of Lebanon, 156 Ky.;

37, in which case the court rests its holding upon the well-settled Kentucky rule that where money has been paid under mistake of law or fact, it may be recovered back *when in law, equity and good conscience the party to! whom it was paid should not be permitted to retain it.*

This doctrine was first announced in this State in the leading case of Underwood v. Brockman, 4 Dana, 309, 29 Am. Dec., 407.

Upon its authority rest the following cases: Ray v. Bank of Kentucky, 3 B. Mon., 513; City of Covington v. Powell, 2 Met., 228 (applying the rule to taxes); City of Louisville v. Henning, 1 Bush, 381; Trustees of Town of Stanford v. White, 2 R., 386; City of Owensboro v. Elder, 3 R., 255; Fecheimer v. City of Louisville, 84 Ky., 307; Bruner v. Town of Stanton, 102 Ky., 459, 43 S. W., 411; City of Newport v. Ringo's Ex'r., 87 Ky., 635; Bergmeyer v. Greenup, 44 S. W., 82, 19 R., 1599; Board of Council of Harrodsburg v. Renfro, 58 S. W., 795; Board of Education v. Board of Trustees, 75 S. W., 225, 25 R., 342; Scott v. Trustees of New Castle, 132 Ky., 616, 116 S. W., 788, 21 L. R. A. (N. S.), 112.

An examination of each of these cases will disclose that the court has consistently adhered to the idea that an essential element of the right to recover back money paid under a mistake of law is that the party who received it is not in *law, equity and good conscience* entitled to retain it; and this requirement has been invariably and impartially exacted in every case in which a recovery has been permitted.

In the case at bar it is alleged in the petition that the ordinance was void because of the irregular mode of its enactment; there is no denial of the right of the city to enact an ordinance of the character here involved. And the court in its opinion expressly concedes that "the enactment of the ordinance was wholly within the control and power of the city council."

In the Spalding case, *supra,* it was said that it was charged by the city that "appellant joined in the petition for the passage of the ordinance, but the evidence fails to sustain the allegation."

In this case the city charges in its answer, and it is admitted as true by the demurrer, that application was made to the city council by the plaintiff and three others for the enactment of an ordinance fixing the license fee for the privilege of vending non-intoxicating liquors in Lebanon at two hundred dollars per annum, they avow-

ing that their purpose in asking for the passage of such an ordinance was to restrict the number of persons engaged in such business and thus to effect a limited competition therein. It was further charged that the ordinance was enacted on April 8, 1910, and that on April 9, 1910, before the publication of the ordinance, the plaintiffs and the three others mentioned, at whose instigation the ordinance was enacted, applied for and procured licenses to vend soft drinks in the said city; that they and they only thereby received and enjoyed for two years the restricting of the number of persons engaged therein, and the consequent increase of sales resulting therefrom, as was their purpose in requesting the enactment of the ordinance, and that they conducted the business of vending soft drinks in Lebanon for two years under such conditions of limited competition.

While the rule is that money paid under mistake of law may be recovered back where it ought not in *law, equity and good conscience* to be retained, the converse of the rule is likewise true, i. e., that where it is not contrary to *equity and good conscience* for the person who received the money so paid to retain it, it cannot be recovered back. City of Louisville v. Zanone, 1 Met., 151.

It follows, therefore, that, under the authorities, the right of the plaintiffs to recover back the money paid to the city as license fees must rest upon broad principles of equity, or be denied. Are they in equity and good conscience entitled to recover this money back?

I believe that, having been instrumental in obtaining the license fee to be imposed, and having operated as vendors of soft drinks for two years under, and received the consequent benefits of, the conditions of limited competition thereby sought and actually enjoyed, the plaintiffs are not in equity and good conscience entitled to restitution.

The city of Lebanon and its authorities have performed in this connection no wrongful act, from the standpoint of law or equity, morals or good conscience, unless it should be said that it was wrong for the city, at the instigation of the persons involved, including plaintiffs, to enact an ordinance which, of necessity, limited competition in the business of vending soft drinks, so that there were only four such vendors in the city. If that act was immoral, the plaintiffs are in *pari delicto,* for they sought it to be done.

The maxim—He who seeks equity must do equity—applies to require one seeking to avoid his own acts, to restore to the other party the benefits the plaintiff has received. Are these plaintiffs in position to do this?

The maxim—He who comes into equity must come with clean hands—operates to deny relief to a plaintiff who has been guilty of inequitable conduct in relation to the matter in which relief is sought, or in connection with the conduct of the litigation wherein it is sought.

Was it conscionable for the plaintiffs to instigate the enactment of an ordinance fixing the license fee for the vending of soft drinks at so high a figure as would necessarily operate to prevent persons of small means from embarking therein, for the avowed purpose of restricting the number of persons so engaged and of affording conditions of limited competition?

This is the attitude in which the plaintiffs stand as they approach the chancellor; and, in my judgment, as I understand the broad principles of equity in its fundamental aspect, they come not in that purity of motive and rectitude of performance which are essential to one who seeks the interposition of the strong arm of the chancellor.

For the reasons stated, I dissent from the opinion of the court. Judge Nunn concurs in this dissenting opinion.