## Lichtwadt v. Murphy's Administrator.

(Decided December 13, 1918.)

Appeal from Kenton Circuit Court
(Criminal, Common Law and Equity Division).

1. Bonds—Action Against Surety—Notice.—Before a landlord can obtain a judgment against a surety in a bond given under section 653 of the Civil Code of Practice to discharge the levy of a distress warrant, he must give the surety the notice required by section 654 of the Civil Code; and a judgment obtained without such notice is void.

2. Money Received—Money Paid Without Consideration.—Whenever, by a clear and palpable mistake of law or fact, essentially bearing upon and affecting the contract, money has been paid without consideration, which in law, honor and conscience was not due and payable, and which, in honor or conscience, ought not to be retained, it can and ought to be recovered.

C. B. SHINER for appellant.

D. C. LEE and W. J. BOLES for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Granting appeal and reversing.

Murphy, a landlord, having obtained a distress warrant against his tenant, Mrs. Brodnix, for $350.00, representing five months' rent, she discharged the levy of the warrant by giving bond under section 653 of the Civil Code of Practice, with Lichtwadt as her surety.

The subsequent procedure in such cases is provided by section 654 of the Civil Code, reading as follows:

"The party to whom the bond is executed may move the justice of the peace or the court for a judgment thereon against all or any of the obligors or their representatives, having given to them five days' notice of the motion. The defendants may make defense upon the ground that the distress was for rent not due in whole or in part, or was otherwise illegal; or, if the property was levied upon, that it was by statute exempt from the levy; and may make any defense, by way of set-off or counterclaim, that is allowed by the Code in actions."

Wholly ignoring Lichtwadt, Murphy proceeded against Mrs. Brodnix, in the circuit court, and obtained a judgment against her and Lichtwadt for $175.00. Upon the demand of the clerk of the circuit court Lichtwadt paid the judgment, including all the costs incurred in the magistrate's court, aggregating $231.25. He subsequently brought this action to recover the $231.00 upon the ground that the judgment was void as to him; and that he had satisfied the judgment under the threat of the clerk (made at the instigation of Murphy's attorney), that he would issue an execution; that when he paid the judgment he erroneously believed it was valid and enforceable against him; and that he paid it under a mistake both of law and fact.

The petition further alleges that many of the articles levied upon (specifying them) were exempt from distress; that the warrant was illegal for at least two reasons, which are specified; and that he was not notified of Murphy's purpose to seek a judgment against him, and was not a party to the proceeding. The circuit court sustained a demurrer to the petition, and Lichtwadt is now asking this court to grant him an appeal, and reverse the judgment.

This will have to be done. It is elementary law that a judgment without process is void for want of jurisdiction. And that a void judgment may be collaterally attacked is equally well settled.

Under the facts shown by the petition, Lichtwadt could have enjoined the collection of the judgment against him; and having paid it, erroneously believing it was valid, we see no reason why he should not be entitled to the relief he now seeks under the rule, well established in this jurisdiction, that money paid under a clear mistake of either law or fact may be recovered. Ray & Thornton v. Bank of Kentucky, 3 B. M. 510; City of

Covington v. Powell, 2 Met. 228; City of Louisville v. Henning, 1 Bush 381; Bruner v. Town of Stanton, 102 Ky. 459; Polites v. Barlin, 149 Ky. 376, 41 L. R. A. (N. S.) 1217; Spalding v. City of Lebanon, 156 Ky. 37, 49 L. R. A. (N. S.) 387.

The rule was stated in Ky. Title Sav. Bank & Tr. Co. v. Langan, 144 Ky. 50, as follows:

"Whenever, by a clear and palpable mistake of law or fact, essentially bearing upon and affecting the contract, money has been paid without consideration, which, in law, honor or conscience, was not due and payable, and which, in honor or conscience, ought not to be retained, it can and ought to be recovered."

Supreme Council Catholic Knights of America v. Fenwick, 169 Ky. 269.

Lichtwadt was a surety; and until he has had his day in court, and a judgment is rendered against him, he owes nothing.

The circuit court erred in sustaining the demurrer to the petition.

Appeal granted and judgment reversed.