## Breeden v. Town of Dry Ridge.

March 23, 1943.

F. A. Harrison for appellant.

R. L. Vincent for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Affirming in part and reversing in part.

This appeal is from a judgment dismissing the petition in an action filed by the appellant, Ezra Breeden, to recover certain license taxes paid to the town of Dry Ridge pursuant to a void ordinance.

The facts were stipulated and are in substance as follows: Prior to July 5, 1938, appellant made application to the Alcoholic Beverage Control Board for license to sell intoxicating liquors in a building owned by him just outside the corporate limits of Dry Ridge, a sixth class town. The application was denied because the building was not in an incorporated town. Pursuant to appellant's request an ordinance was enacted on July 5, 1938, extending the corporate limits of Dry Ridge to include appellant's property and, on the strength of the ordinance, the Alcoholic Beverage Control Board granted appellant license to sell intoxicating liquor. From August 1, 1938, to July 1, 1940, appellant operated under the license, paying license taxes of $384.34 to the town. During the same period he also paid to the town $221.51 for cigarette, soft drink, pool table and beer licenses. The annexation ordinance by which appellant's place of business was brought within the corporate limits was void by reason of failure to comply with statutory requirements as to enactment. It was to recover the license taxes enumerated that the action was filed.

Appellant relies on City of Lebanon v. Humkey, 161 Ky. 454, 170 S. W. 1172, 1173, as being conclusive of his right to recover all license taxes paid. There, in upholding the right of a licensee to recover a license tax imposed by a void ordinance passed pursuant to his solicitation, it was said:

"At the time of the attempted enactment of the ordinance, the appellees were engaged in the sale of soft drinks in the city of Lebanon, and, until this ordinance, were not required to pay the city any license tax for conducting their business, so that, except for this ordinance, they could have continued to sell soft drinks without being subjected to any license tax during the time they paid the license tax under the ordinance. The city had no authority, except by virtue of a valid ordinance, to

collect the tax appellees paid; but, notwithstanding this, it exacted and appellees paid, under a void ordinance, the tax. The ordinance, being void, did not confer upon them any benefit or privilege or afford them any protection. The fact that they requested the passage of the ordinance and were present when this ordinance was attempted to be adopted by the council does not amount to an estoppel, because they requested the adoption of a valid ordinance—an ordinance that would confer some benefit or privilege that could not be enjoyed in its absence, and that would afford protection to persons availing themselves of its advantages by paying the license tax imposed.''

Clearly, that case is conclusive of appellant's right to recover all the license taxes paid by him except the liquor license tax. He received no benefit or privilege from the annexation ordinance since he could have sold cigarettes, soft drinks and beer and could have operated the pool room even though the ordinance had not been passed.

But the liquor license tax stands on a different footing. Appellant did receive a benefit and a privilege from the passage of the annexation ordinance. Pursuant to section 2554b-129 of the Kentucky Statutes (now KRS 243.230), the Alcoholic Beverage Control Board could have issued a liquor license to appellant although his place of business was not within the corporate limits. That Board, in the exercise of the discretion vested in it by the statute, refused appellant a license because his place of business was not in an incorporated town but the license was issued after the passage of the ordinance and only because of its passage.

It is argued by appellant that the void ordinance afforded him no protection from prosecution or selling liquor without a license and that therefore he received no benefit from it. But, although the annexation ordinance furnished no protection, the license he obtained from the Alcoholic Beverage Control Board by reason of its passage furnished complete protection since it was discretionary with the Alcoholic Beverage Control Board to issue the license even though the licensed premises were not within the corporate limits. The passage of the ordinance pursuant to appellant's request resulted in the granting of the license which afforded him

complete protection. He secured all he bargained for, the right to sell liquor without being subjected to prosecution, and he secured it only by reason of the passage of the ordinance which he induced. The invalid ordinance served his purpose as fully and completely as a valid ordinance would have done. He may not be permitted now to assert its invalidity as a basis for recovery.

Money paid under a mistake of law is recoverable when the party to whom it is paid should not in honor and conscience be permitted to retain it. Bruner v. Town of Stanton, 102 Ky. 459, 43 S. W. 411; Spalding et al. v. City of Lebanon, 156 Ky. 37, 160 S. W. 751, 49 L. R. A., N. S., 387. Every consideration of honor and conscience favors a retention of the liquor license tax by the town rather than its return to appellant.

The judgment is affirmed to the extent that it denied recovery of the liquor license tax and reversed to the extent that it denied recovery of the other license taxes, with directions to enter a judgment in conformity with this opinion.